MARIE NASLUND v. FEDERAL CEMENT TILE COMPANY
AND ANOTHER.[1]

October 3, 1930.

No. 28,016.

*C. E. Warner,* for relators.

*Weikert, Lohmann & Felhaber* and *David Lundeen,* for respondent.

LORING, C.

Certiorari to the industrial commission. Fred Dahlquist sustained a compensable disability by the loss of one arm. He was paid compensation by his employer until he was committed to a state hospital for the insane. It is admitted that his insanity is a permanent total disability not due to accident in any employment and that he has no dependents.

[1]Reported in 232 N. W. 342.

Since his commitment the employer has not paid his compensation, relying on G. S. 1923, § 4274 (d), as amended, 1 Mason, 1927, id. which contains a proviso that:

"In case an employe who is permanently and totally disabled becomes an inmate of a public institution, then no compensation shall be payable during the period of his confinement in such institutions, unless he has  *  *  *" dependents.

This proceeding was initiated by Dahlquist's guardian before the industrial commission to compel the payment of compensation since and during his confinement. The petition was granted, and the relators sued out this writ.

A statute should not be construed so that the result is absurd. To confine the operation of this proviso to cases where the employer is responsible for the permanent and total disability would impose a greater burden upon him in cases where he is responsible for partial disability only than would be imposed in cases where he is responsible for total disability. Such a result could not have been contemplated by the legislature, and we therefore hold that the proviso is not so restricted. It applies notwithstanding the total permanent disability was not caused by an accident resulting in compensable injury.

Reversed with directions in accordance with this opinion.