HAZEL LAURSEN MILLER v. BOHN REFRIGERATOR
COMPANY AND ANOTHER.[1]

July 6, 1934.

No. 29,657.

*Ernest F. Jacobson,* for relator.

*Orr, Stark, Kidder & Freeman,* for employer and its insurer, respondents.

[1]Reported in 255 N. W. 835.

*I. M. OLSEN, Justice.*

The petitioner, Hazel Laursen Miller, brought this proceeding before the industrial commission against the Bohn Refrigerator Company, employer, and the Employers Reinsurance Corporation, insurer, to recover compensation under the workmen's compensation law for the death of her husband, Henry Miller. The referee found the facts necessary to entitle the petitioner to compensation and found that the husband's wages, on which to base compensation, amounted to $26.13 per week, and that he left him surviving the petitioner, his widow, wholly dependent, and his aged father, also wholly dependent. There were no children. The referee awarded compensation to the widow at the rate of $10.45 per week, during dependency, the total of such compensation not to exceed $7,500, and awarded to the father compensation at the rate of $6.97 per week, during dependency, such payments to continue for not more than 300 weeks. The award to the widow was at the rate of 40 per cent of the weekly wage of decedent, as provided by 1 Mason Minn. St. 1927, § 4275(6), and to the father 26 2/3 per cent of such weekly wage, making the total rate of compensation 66 2/3 per cent of the weekly wage. The result of the awards so made, if both dependents lived and remained dependent long enough to draw the full amount awarded, would be that the widow would receive $7,500 and the father $2,091, or a total of $9,591. The employer and the insurer appealed to the industrial commission. On appeal the commission adopted the findings of fact of the referee as its findings of fact, but vacated and set aside the referee's order awarding compensation and in lieu thereof ordered and determined that the widow is entitled to and is awarded compensation at the rate of $10.45 per week during dependency, and, in addition thereto, the father is entitled to and awarded compensation at the rate of $6.97 per week, during dependency, not to exceed 300 weeks, and that the total compensation paid to both dependents shall not exceed $7,500.

The widow brings the matter here for review on *certiorari,* claiming that she should receive compensation up to the limit of $7,500

and that if any compensation is to be awarded to the father it must be in·addition to the $7,500 that she is entitled to receive.

The two important questions of law presented for review are: (1) Whether the total compensation to all dependents in death cases is limited to $7,500; (2) if so limited, can dependents, other than the widow or the widow and one or two children, come in and take a part of the $7,500 so as to reduce the total award to the widow or widow and one or two children provided for in 1 Mason Minn. St. 1927, § 4275 (6, 7, 8), below the $7,500 limit.

Under our statute, in case of recovery for wrongful death, in negligence cases, the damages are limited to $7,500, 2 Mason Minn. St. 1927, § 9657. This limitation applies to all cases where the parties have not brought themselves within part 2 of the compensation law so as to be governed thereby. 1 Mason Minn. St. 1927, § 4265. It was the recognized purpose of the legislature to encourage employers and employes to elect to become subject to part 2 of the compensation law. In other words, the legislature holds out to both parties this part of the compensation law as providing a more economical, speedy, and fair method of fixing compensation for employes injured or killed in industrial accidents and invites the parties to come within that law. It cannot reasonably be presumed that in death cases the legislature intended to impose a greater burden upon industry than that imposed by law in cases where the parties do not come within the compensation law. If so intended, it would have been easy expressly to provide that in death cases the compensation awarded should not be limited by the long established law as to the amount of recovery for wrongful .death. It may be noted also that under the compensation law, in every case where there is no wife, child, children, or orphans to receive compensation, no matter how many other dependents there may bè, the total compensation for death cannot exceed $20 per week for 300 weeks, or a total of $6,000. The limitation of $7,500 to wife, child, children, or orphans may well be construed as intended only for the purpose of making a more liberal compensation to them, and not as intended to allow other dependents to come in and take away part of the compensation provided for them, or to increase the total compensation to all dependents to more than $7,500. Section 4275 (20).

The original compensation law was enacted in 1913. There were amendments passed in 1915, 1917, and 1919. The law, prior to 1921, was in many situations indefinite and difficult to administer. So in 1921 the legislature rewrote the entire law covering the whole subject, not as an amending statute, but as a new law. L. 1921, c. 82. The act expressly repealed the original law of 1913 and all other acts or parts of acts inconsistent with the new law, except L. 1919, c. 359, in so far as the same applies to employers not under part 2 of the new compensation law. L. 1919, c. 359, relates only to accident and settlement reports and the punishment for failure to file the reports therein provided for. There is nothing in the law prior to 1921, repealed by the 1921 act, which furnishes much of any guidance upon the construction to be placed on the present compensation law relative to the questions here presented. Nor have we been referred to any decisions, either under the old law or the new, which would be specially helpful.

1 Mason Minn. St. 1927, § 4275(6, 7, 8, 9), provides the rates of weekly compensation to be paid to the widow, to the widow and one, two, three, or more dependent children, based on the wage of the deceased workman. To the widow, if there are no dependent children, 40 per cent of the daily wage shall be paid; to the widow and one child, 50 per cent of such wage; to the widow and two children, 60 per cent; and to the widow and three or more children, 66 2/3 per cent thereof. The $7,500 limitation as to total payments to these dependents is found in subsections 19 and 20.

In cases of a surviving husband and one, two, three, or more dependent children (subsections 7, 8, and 9), the compensation is the same as where there is a surviving wife and one, two, three, or more dependent children. Where the deceased leaves no surviving wife or husband, but leaves one or more surviving orphans, the rate of compensation is fixed by subsection 12. In the case of the death of a married woman wage-earner, leaving a surviving dependent husband and no surviving dependent children, the compensation is fixed by subsection 13 at 30 per cent of the decedent's daily wage.

Section 4275(3) of the statute provides the order in which compensation to dependents shall be paid. This is also referred to in

subsection 20, providing: "Actual dependents shall be entitled to take compensation in the order named in subsection (3) above, during dependency, until sixty-six and two-thirds per centum of the daily wage of the deceased at the time of injury shall have been exhausted."

When the widow, as in the present case, is entitled to and has been awarded compensation up to the $7,500 limit, the $6,000, which other dependents could, in any event, be entitled to, has been more than exhausted. True, by her death or remarriage, the widow might not receive the full $7,500. Subsection 11. But those questions are not here involved. Other dependents, by death or ending of dependency, also might not receive the full $6,000. Subsection 16.

Section 4275 (14) provides for compensation to parents: "If the deceased employe leaves no widow or child or husband entitled to any payment hereunder, * * *."

Subsection 15 provides for compensation to dependents other than widow, child, husband, or parents: "If the deceased should leave no widow or child or husband or parent entitled to any payment hereunder, * * *."

These provisions of subsections 14 and 15 are so clear and definite that, unless disregarded by this court, it must be held that the widow and children, or husband and children, are the primary beneficiaries, and that it is only when there are none of these dependents that other dependents take compensation under the law. In case of a husband, where there are no children, there may be a question as to whether he takes to the exclusion of other beneficiaries. That issue is not before us. It is interesting to note also that subsection 15 is the only place where there is any provision as to dependents sharing in the compensation, it being there provided that grandparent, grandchild, brother, sister, mother-in-law, or father-in-law, in case there are more than one of such dependents, wholly dependent, shall share equally in the compensation of 35 per cent of the daily wage, limited by subsections 19 and 20 to 300 weeks, and by the maximum and minimum weekly rate therein fixed.

There is some claim that subsection 20 is in conflict with subsections 14 and 15 and should be held to modify those sections by

eliminating therefrom the provision that compensation to dependents other than widow, child, or husband is only provided in case there is no surviving dependent wife, child, or husband.

To eliminate from the legislative act here in question clear, unambiguous language, applying specifically to a given state of fact or relation, would be judicial legislation. If there is seeming conflict between subsections 14 and 15 and subsection 20, enacted as parts of one law in 1921, our task is to harmonize these subsections so that each may stand and be operative if that can reasonably be done.

Subsection 20 brings in the limitation of 66 2/3 per centum of the daily wage as to all actual dependents. This limitation is not contained in subsections 6, 7, 8, 9, 13, 14, 15, and 19. There was also some uncertainty in the prior subsections as to whether the $20 maximum weekly compensation applied to all actual dependents.

Subsection 20 reads as follows:

"Actual dependents shall be entitled to take compensation in the order named in subsection (3) above, during dependency, until sixty-six and two-thirds per centum of the daily wage of the deceased at the time of injury shall have been exhausted, provided that such compensation shall not exceed seventy-five hundred ($7,500.00) dollars in case of a dependent wife, child, children or orphan, or continue beyond three hundred (300) weeks in case of any other dependent; but the total compensation to be paid to all actual dependents of a deceased employe shall not exceed in the aggregate twenty ($20.00) dollars per week."

Subsection 20 was reasonably necessary and properly enacted to incorporate in the law these two definite limitations. So construed, it does not conflict with subsections 14 and 15, or any prior subsection. We find no such conflict as to justify us in holding that any of the provisions of subsections 14 and 15 were, or were intended by the legislature to be, amended by subsection 20, or to justify us in holding that by enacting subsection 20 as part of the same law there was eliminated or intended to be eliminated any of the provisions of subsections 14 and 15. "Actual dependents," as used in subsection 20, includes all dependents, whether wholly or par-

tially dependent. Construed as we have indicated, these various subsections harmonize and operate as one complete law.

If the law is to be amended in such important particulars as to allow to a wholly dependent widow, where there are no dependent children, only $5,400, and to other dependents $2,100, out of the $7,500 limit in death cases, or to allow other dependents an uncertain sum up to $2,400 in addition to the $7,500 limit, thereby increasing the total to $9,900, the legislature should so provide.

We agree with that part of the decision of the industrial commission holding that the total compensation to be allowed in death cases is limited to $7,500. We disagree with the commission's holding that where there is a wholly dependent widow and no children her compensation up to $7,500 must be shared with a wholly dependent father of deceased or any other dependent.

It is a well recognized rule of construction of statutes that a statute should not be so construed as to result in absurdity if a reasonable construction can be made so as to avoid such result. Tierney v. Tierney & Co. 176 Minn. 464, 223 N. W. 773; Naslund v. Federal Cement Tile Co. 181 Minn. 301, 232 N. W. 342.

If the statute be construed so that a dependent parent, or other dependents, may come in and receive a part of the $7,500 total allowance, several further rather absurd results arise. If the workman's wage was $30 per week, the widow would receive $12 per week, amounting to $5,100, and the other dependents $8 per week for 300 weeks, amounting to $2,400. If the wage was $40 per week, the widow would receive $16 per week; and other dependents $4 per week for 300 weeks, amounting to $1,200. If the workman's wage was $50 per week or over, the widow would receive $20 per week, and other dependents nothing. It seems absurd that the legislature should intend to provide compensation to a parent, or other dependents, in such a way that the higher the workman's wage the less compensation such dependents should receive. Again, if the wage was $8 per week or less, should the widow receive only $3.20 per week or less? Should the widow, or widow and one or two children, in such case be required to share the total of $8 per week with any other dependents, and, if so, in what way? In the case

of a widow and three children, the total compensation could in no event exceed $7,500. It is not reasonable to hold that the legislature intended that in the case of a widow and one or two dependent children there should be additional compensation to other dependents which would in such cases increase the total compensation to more than $7,500, in some cases to as much as $9,900.

The order of the industrial commission is reversed and the case remanded with directions to the commission to amend its order awarding compensation so as to provide that Hazel Laursen Miller, as widow of Henry Miller, is entitled to and is awarded compensation against the employer, Bohn Refrigerator Company, and the insurer, Employers Reinsurance Corporation, at the rate of $10.45 per week, during dependency, such compensation not to exceed in the aggregate $7,500, exclusive of funeral expenses, medical care and attention, and costs and disbursements; that no compensation be awarded to decedent's father, Nels Miller.

It is so ordered.