On Application for Rehearing On application for rehearing, Deaton again urges this court to follow Naslund v. Federal Cement Tile Co., 181 Minn. 301, 232 N.W. 342 (1930). There, the Minnesota Supreme Court held that the statutory provision precluding collection of permanent total disability benefits applied to the permanent partial disability benefits of an employee committed to a state hospital for the insane.
THIGPEN, Judge.
In 1919, the Alabama legislature adopted a workmen’s compensation law patterned after the Minnesota worker’s compensation law, and, therefore, presumably adopted Minnesota’s judicial construction of that law. Pow v. Southern Construction Co., 235 Ala. 580, 180 So. 288 (1938). In 1992, however, when the Alabama legislature made substantial changes to our compensation law, including changing its name to the Workers’ Compensation Act, it did not extend Ala.Code 1975, § 25-5-57(a)(4)c., to preclude public institution inmates from collecting permanent partial disability benefits. Even after Naslund, and after the opportunity to make such a revision when other changes were being made, the legislature did not do so.
In construing a statute, we are mindful of the fundamental rule that our duty is to ascertain and effectuate the legislative intent. Ex parte Holladay, 466 So.2d 956 (Ala.1985). Even though our Supreme Court has interpretive powers, the better course might be to “leave any change of that interpretation to the legislature.” Black Belt Wood Co. v. Sessions, 514 So.2d 1249, 1263 (Ala.1986).
Because the legislature did not expressly follow the existing Minnesota interpretation, this court determines that the legislature intended not to follow the existing Minnesota interpretation and instead chose to limit that section, as the language of that statute specifically expressed, to permanent total disability. Considering the history of this law, the logical conclusion is that “ ‘the last expression of legislative will must prevail.’ ” State v. Bryan, 285 Ala. 247, 250, 231 So.2d 118, 121 (1970) (citation omitted).
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
ROBERTSON, P.J., and YATES, J., concur.