## COMMISSIONER OF INTERNAL REVENUE v. LANGWELL REAL ESTATE COR-PORATION.

### No. 4403.

Circuit Court of Appeals, Seventh Circuit.

March 18, 1931.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Dean P. Kimball, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

David J. Greenberg, of Chicago, Ill., for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above).

We find it impossible to escape the conclusion that, upon the tenant's release of its interest in said $50,000, respondent was enriched by that amount. Regulations 62, Treasury Department, article 50. It was relieved of its obligation to pay this amount to the tenant at the expiration of the lease. At the same time, and as a part of the same transaction, respondent released the tenant from its lease. Whether respondent suffered a loss by reason of the termination of the lease presents another issue, which is not covered by the findings of the Board of Tax Appeals. If respondent could have readily negotiated another lease with a responsible party, as favorable as the lease which was canceled, it suffered no loss. On the other hand, if it could not have negotiated such a lease, then it suffered a loss. The amount of such loss, if any, was the legitimate subject of proof. The actual execution of a new lease was not necessary to the determination of this issue. The rental value of such property could be shown by oral testimony.

The Board of Tax Appeals stated:

"It seems clear that the petitioner assumed an obligation to pay the lessee $50,-000 in 1941 if all of the terms of the lease had been performed by the lessee during its

842

life. This obligation, it is also apparent, did not stand alone, but was balanced by a corresponding obligation of the lessee. We are not able to say that they did not exactly balance, or, if not, in whose favor the scales were tipped. This being so, when the lessee and the petitioner then agreed to cancel the lease in June, 1923, it can not be said with any certainty whatever that the $50,000 obligation of the petitioner, contingent and uncertain as it was that return need ever be made, did not represent compensation to the petitioner for the loss sustained by it on the cancellation of the lease. If so, the amount would not be income to the petitioner."

We think the Board was in error in assuming that a loss was sustained which offset the $50,000 gain. In the absence of proof sufficient to support a contrary finding by the Board of Tax Appeals, the finding of the Commissioner should have been sustained. Avery v. Commissioner (C. C. A.), 22 F.(2d) 6, 55 A. L. R. 1277. The record before us does not warrant our making a finding on this issue, nor is it necessary for us so to do. 26 USCA § 1219; K. Coal Co. & D. Co. v. Commissioner (C. C. A.), 29 F.(2d) 559.

Under all of the circumstances, we think it would be promotive of justice in this instance to remand the case for further hearing. The taxpayer should be given the opportunity of offering evidence to show that it suffered a loss and also the extent of its loss. If the proof be sufficient to sustain a finding of the amount of such loss, that sum should be deducted from the said $50,000. If no such loss be established, then the sum of $50,000 should be included as part of the taxpayer's income.

The order of the Board of Tax Appeals is reversed, with directions to proceed in accordance with the views herein expressed.