186 So. 467

### WEIL v. STATE.

### 3 Div. 251.

Supreme Court of Alabama.

Jan. 19, 1939.

Rehearing Denied Feb. 16, 1939.

294

Weil & Stakely and Hill, Hill, Whiting & Rives, all of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and Horace C. Wilkinson, Sp. Asst. Atty. Gen., for the State.

BOULDIN, Justice.

This is the second appeal in this cause. For former decision. See, State v. Weil, 232 Ala. 578, 168 So 679.

The main question for consideration then and now was whether income taxes payable by resident citizens of Alabama include taxes on net income derived from sources without the State as well as income derived from sources within the State.

 We held that under the Income Tax Amendment, number 25 to the Constitution of Alabama the Legislature has power to levy taxes on income derived from sources without the State; that the Income Tax Statute of April 17, 1933 (Acts Special Session 1933, p. 150) should be construed to include income derived from sources without the State; and that the taxation of such income does not violate the "equal protection clause" of the Fourteenth Amendment to the Constitution of the United States, U.S.C.A.

On the second trial the agreed facts were amended to show the taxpayer "specifically contends that the statute involved and the administration thereof, so far as it attempts to tax the taxpayer on his income derived from business conducted by him in states other than the state of Alabama or from property situated in states other than the state of Alabama, amounts to a denial of due process of law, in violation of the 14th Amendment of the Constitution of the United States, U.S.C.A. and also amounts to an abridgement of the privileges and immunities of the taxpayer as a citizen of the United States, in violation of the 14th Amendment of the Con-

stitution of the United States, and also amounts to a denial to the taxpayer of privileges and immunities of citizens in the several states, in violation of Article 4, Section 2, of the Constitution of the United States, U.S.C.A."

The trial court followed our former decision, and decreed that taxable income includes that derived from sources without the State. We affirm his decree in this regard. We are of opinion this feature of the statute is not violative of any of the provisions of the Constitution of the United States presented under amended statement of facts above set out. We indulge no discussion of these questions, other .than appears in decision on former appeal.

■■ But another question is presented on this appeal. It is well stated by counsel as follows: "Where a citizen of Alabama purchased capital assets, prior to January 1st, 1933, and the fair and reasonable market value of the assets on January 1st, 1933 was less than the cost price of the assets, and thereafter they were sold, during 1933, for less than their January 1st, 1933 value, should the difference between the cost and the sale price, or the difference between the January 1st, 1933 value and the sale price be allowed as a deduction?"

The court below decreed the taxpayer a deduction for the difference between the cost of the property and the sale price. The State, insisting that such deduction should be limited to the difference between the market value on January 1, 1933, and the sale price, makes cross-assignments of error. The question is argued in special briefs.

On this point the trial Judge departed from our ruling on former appeal, writing an opinion to support his holding. Noting that this court on second appeal, in view of Section 10287 of the Code, decides the case in accordance with its then opinion of the law of the case, regardless of its former opinion, his opinion and decree reflect his view of what this court, on further consideration, would approve as the law.

Since the rendition of the decree now for review this court has in State v. Flen-

ner, 181 So. 786,[1] considered quite fully the question of gains and losses on property acquired prior to January 1, 1933, and sold thereafter, to be reflected in income tax returns.

We need not elaborate on that opinion. The third illustration on page 791 of the opinion is applicable to the case in hand. We, therefore, hold this taxpayer was entitled to a deduction only for the difference between the sale price and the market value on January 1, 1933. The decree of the court below is reversed on this point, and one here rendered denying to the taxpayer a refund of the sum decreed on this account.

It is argued the Flenner Case dealt with the statute as amended in 1935, and the principles announced in that decision are not applicable here. The argument is not well grounded, as will quite fully appear upon a careful reading of the Flenner decision.

■■ Loss or gain in a given case is the difference between the cost and the sale price. It enters into income tax returns of the year in which the gain or loss is realized by a sale. But the gain which constitutes income subject to tax is so much of total gains, if any, as accrued after income became taxable in Alabama, January 1, 1933. For this purpose, the market value as of January 1, 1933, enters the picture in figuring taxable gains or deductible losses. Obviously, deductible losses are to be figured on the same principles as taxable gains.

We note here that our governing statute § 4 (a) (9) is a verbatim copy of the Federal Income Statute of 1932, § 113 (a) (13), 26 U.S.C.A. p. 491, save as to date of fixing the market value, likewise a verbatim copy of § 113 (a) (14) of the text of 26 U.S.C.A. § 113, p. 484, 487. We deem our ruling in keeping with the decisions of the United States Supreme Court construing like provisions.

Affirmed in part, and in part reversed and rendered.

GARDNER, THOMAS, and FOSTER, JJ., concur.

---

[1] 236 Ala. 228.