29 So.2d 673

### FIRST NAT. BANK et al. v. STATE.

3 Div. 460.

Supreme Court of Alabama.

Feb. 13, 1947.

Rehearing Denied March 13, 1947.

John W. Lapsley and Gamble & Lapsley, of Selma, Jas. A. Simpson, of Birmingham, and John H. Blanton, of Selma, for appellants.

John W. Rish and H. Grady Tiller, both of Montgomery, and Gardner F. Goodwyn, Jr., counsel for State Dept. of Revenue, of Bessemer, for appellee.

70

FOSTER, Justice.

The question on this appeal relates to the computation of appellant's State income tax for income received during the calendar year of 1943. The return was made March 14, 1944. It claimed a deduction of $23,350.50 (pages 61 and 62) for federal income tax for the year 1943.

It was by the Act of June 9, 1943, 26 U.S.C.A. Int.Rev.Acts, p. 385, that federal income taxes were placed on a current tax payment plan, whereby an amount was tentatively fixed for 1943 on an estimated income report filed on or before September 15, 1943. One problem was not to require the taxpayer to pay two full payments in 1943: one for 1942 and the other for 1943. When the final return was made for 1943 by March 15, 1944, adjustments were made for differences from the estimated return.

For the calendar year 1942, this taxpayer made his federal return in March 1943, showing a tax of $20,313.41. For the calendar year 1943, he made a federal return under the Act of June 9, 1943. In that return and in order to fix his federal income tax liability, payable in 1943, which was to include the amount of the liability for 1942, the taxpayer stated, as required by the Act that his federal income tax for 1942 was $20,313.41. The correctness of this amount is not disputed. He then stated that his income tax for · 1943 (determined without reference to the Act of June 9, 1943) was $12,148.38, three-fourths of which was forgiven. Therefore that the amount of the 1942 tax, $20,313.41, plus one-fourth of the 1943 tax $12,148.38, must be paid as the 1943 tax. The return then showed that said one-fourth was $3,037.09, making a total of

$23,350.50, and showing that of that sum the amount of the income tax for 1942, $20,313.-41, was paid, leaving a balance of $3,037.09 (payable in installments in March 1944 and 1945).

For the calendar year 1942, the taxpayer made return to the State and "claimed and obtained a deduction on account of federal income tax for that year of $20,313.41, the amount of which we have shown was later paid by the taxpayer.

For the calendar year 1943, the taxpayer made his return to the State and claimed a deduction on account of federal income tax for that year of $23,350.50. That amount is the sum of $20,313.41, the amount of the federal income tax for 1942, plus $3,037.09, the part of the federal income tax for 1943, which was not cancelled or forgiven. With such deduction he figured his State income tax for 1943 to be $84.57.

The State Department of Revenue refused to allow the deduction of $20,313.41 in respect to his 1943 return, and fixed the amount of the tax at $1,006.74 (interest to be added). From such ruling an appeal was taken by the taxpayer to the Circuit Court of Montgomery County, in Equity. Upon the hearing on appeal, the tax assessment as made by the State Department of Revenue was held to be correct, and it was confirmed and ratified.

The taxpayer used the accrual basis of accounting. By it there is included all income earned and all expenses incurred during the tax year, whether or not the income is actually received or the expenses paid within the year.

This taxpayer contends that the amount of his federal income tax for 1943 (here in question) was $23,350.50, although he only paid as a federal income tax for that year $3,037.09, in excess of the 1942 tax. He claims that $20,313.41 accrued against him on account of the 1943 income tax, in addition to the $3,037.09. Therefore he claims that there accrued to him on that account for that year the sum of $23,350.50.

We have shown that in making his State return for 1942, he deducted said sum of $20,313.41 on account of federal income tax for that year, which had accrued to him, and was therefore properly deductible.

The taxpayer in substance contends that although his federal income tax for 1942 accrued in 1942, and therefore was deductible on his State return for that year; it was discharged as of September 1, 1943, and an amount equal to it accrued in 1943, as a part of his federal income tax for that year, whether or not he paid it all that year: reasoning that since his return is on the accrual basis, he is allowed a deduction, under subdivision (c) of section 385, Title 51, Code, of the federal tax for 1943, which accrued under the Act of Congress of June 9, 1943. The Code section allows deduction for "taxes paid or accrued within the taxable year imposed."

He shows that although he had received a deduction in 1942 return of $20,313.41, and whether or not he had paid a part or all of it in 1943, he was by the Act of June 9, 1943, discharged from the entire liability for that sum as of September 1, 1943. Section 6 of that Act is under the heading of "Relief From Double Payments In 1943." It does provide that the liability of the taxpayer for the tax year 1942 shall be discharged as of September 1, 1943, but in fixing and determining the amount of the 1943 tax, the amount of the 1942 tax is made a part of it in this way. It is provided that the difference between the 1942 tax, which is greater and the 1943 tax which is less, shall be added to the 1943 tax, which is nothing more nor less than taking the amount of the 1942 tax as a factor in question, and to that is to be added one-fourth of the 1943 tax. So that while the liability for the 1942 tax is by the Act discharged as of September 1, 1943, the amount of it is payable in 1943, the same as if the Act of June 9, 1943, had never been adopted. The tax for 1942 was payable on or before March 15, 1943, and presumably was paid as of that time, nothing to the contrary appearing. If so, there was no liability for that tax on September 1, 1943, which could be discharged, if we give it a literal construction as the taxpayer does. But the taxpayer had the option to defer payment of three-fourths of it, and may or may not have done so. But the legal question involved is one of substance and not form, and is not affected by the fact that it was or was not paid in full by March 15, 1943, because it is provided in section 6 (f) of the Act that any payment on account of the 1942 tax whose liability for such tax was discharged as of September 1, 1943, shall be considered as a payment on account of the tax for the taxable year of 1943.

It is therefore but a fiction to say that those circumstances the tax for the year 1942 was effectually discharged, when the amount of it was made payable by the same law which discharged it. The real substance of the situation is that if the amount of the 1942 tax is greater than the amount of the 1943 tax, the amount of the 1942 tax must be paid in full, and a balance of one-fourth of the 1943 tax is all that is required to be paid on account of the 1943 income, thereby forgiving three-fourths of the original 1943 tax. The forms prepared by the department and used by this taxpayer so stated.

Many income tax studies manifested in various publications have analyzed the situation in that way without using the technical formula of the statute, but using its substance.

Appellant contends that we should not take into consideration the fact that he received a deduction of $20,313.41 in making his return to the State for the year 1942 on the accrual basis. But in computing his 1943 federal tax, the amount of the 1942 tax is required to be considered, whether or not it has been paid. The amount of it is the important matter in making the computation, not its previous payment or accrual. If the amount of it was less than the 1943 tax, 75 percent of it would be cancelled, and 25 percent would be the amount entering into the computation by being added to the 1943 tax. If it was more than the 1943 tax, as in this instance, then, in substance and effect, all of it entered into the computation together with 25 percent of the 1943 tax, and 75 percent of the 1943 tax was cancelled.

It is immaterial what language is used to declare a result. The result here was that the amount of the 1942 tax was presumably paid in 1943, but that amount was added in and became part of what was called the 1943 tax, and paid as such, but

it was paid only once. The taxpayer cannot profit by any such fiction. He is not entitled to it as an accrued tax in 1942 and to a deduction of the same amount as accrued in 1943, or as paid in 1943. That is the effect of his contention.

Likewise he cannot claim that under section 384, Title 51(2) (c), Code, by reason of the discharge of liability for the 1942 tax as of September 1, 1943, he thereby acquired property "by gift, bequest, demise or descent," which is not taxable as income. The same law that discharged the liability imposed a liability for the same amount making it a part of the 1943 tax. Its discharge was only colorable. The only amount which was in fact discharged or forgiven was three-fourths of the 1943 tax determined without reference to the Act of 1943. That amounted to $9,111.29, and that was not a gift by Congress to the taxpayer. It simply made a change in respect to the amount of the 1943 tax at a time before it accrued. That tax was dependent upon the income of 1943. The Act was passed in June 1943, though an estimated payment was made September 15, 1943. In the meantime Congress was at liberty to reduce the 1943 tax by changing the law which was controlling, based upon an income which had not been received in full, and in so doing would make no gift under our statute, supra, if we assume that any forgiveness after 1943 would be a gift, not necessary to determine. In re Opinions of Justices, 234 Ala. 358 (8, 9, 10), 175 So. 690.

In that opinion, in dealing with section 100 of the Constitution, we held that although an ad valorem tax liability existed on property owned by the taxpayer October 1 for the succeeding year, the amount of it was subject to be changed by the legislature during that year, and that during that time the legislature could change the law fixing the amount of it. If our view of the situation is correct, the Act of June 9, 1943, did not in substance discharge the taxpayer from paying any amount of his 1943 tax which had then accrued, nor the amount of his 1942 tax, although it did in terms discharge him from liability for the 1942 tax as of September 1, 1943, for it did not discharge him from paying the amount of it but added it to and called it a part of his 1943 tax, and was paid only one time, presumably March 10, 1943, when he made his State return for 1942, stating that he had paid his income tax (federal) of $20,313.41.

Appellant also insists that the State is attempting to impose an income tax upon the amount forgiven ($20,313.41) to the taxpayer upon the accrual basis without imposing the same tax upon the amount forgiven to the taxpayer reporting upon cash basis.

The argument is that the discharge of liability was an exemption given to the taxpayer, whether on the accrual or cash basis; and had no effect upon his right to deduct the full amount claimed as the 1943 tax $23,350.50.

But this assumes that such amount was effectually discharged as a liability existing June 9, and September 1, 1943. We have shown that in our opinion this discharge was only colorable and not substantial. Therefore the foundation for the argument cannot stand. If it could stand, this taxpayer would be entitled to the full deduction. But as the basis for the contention fails, any supposed injustice goes with it.

The judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur.