## CLOVERLEAF CREAMERY CO., Inc.
## v. DAVIS.
### Civ. No. 6521.

United States District Court
N. D. Alabama, S. D.
Feb. 1, 1951.

Pritchard & McCall, Birmingham, Ala., for plaintiff.

John D. Hill, U. S. Atty., L. Drew Redden, Asst. U. S. Atty., Birmingham, Ala., and Benjamin H. Pester, Sp. Asst. to Atty. Gen., for defendant.

LYNNE, District Judge.

This cause, having come on for trial to the court without the intervention of a jury, plaintiff's demand therefor having been withdrawn with the consent of the defendant, was submitted for final judgment upon the complaint, answer, plaintiff's request for admissions and defendant's answer thereto, pursuant to the provisions of Rule 36, Federal Rules of Civil Procedure, 28 U.S.C.A., the stipulation of facts entered into by the parties hereto and filed herein on November 16, 1950, and upon the arguments and briefs of counsel for the respective parties. Whereupon, the court now proceeds to make and enter the following findings of fact, conclusions of law, and judgment.

### Findings of Fact.

1. The allegations of the complaint admitted by the defendant in his answer.

2. The admissions of the defendant in his answer to plaintiff's request for admissions under Rule 36.

3. The facts as stipulated by the parties hereto.

4. This is a suit by plaintiff taxpayer for refund of additional income and excess profits taxes paid to the defendant for the year 1944 in the sum of $1,609.95, together with interest thereon.

5. Plaintiff kept its books and reported its income on the accrual basis of accounting and filed its returns on the calendar year basis.

6. Plaintiff was receiving payments in the nature of subsidies for the production of process butter from the Defense Supplies Corporation.

7. The payment of such subsidy for the month of December, 1944, in the amount of $3,359.05, was not reported by plaintiff as accrued income in its 1944 income tax return.

8. Plaintiff's claim for such payment was dated January 3, 1945, and was thereafter approved and paid by the Defense Supplies Corporation in the month of January, 1945.

9. The Commissioner determined that the above described December subsidy was accrued in 1944 and made an additional assessment which resulted in additional income taxes exceeding the amount sued for in this case, which additional taxes were paid by plaintiff to the defendant by April 25, 1950.

10. On December 2, 1949, plaintiff filed a claim for refund in the amount here sued for, together with interest, on the ground that the assessment of the additional taxes for the year 1944 was illegal because the

subsidy payment for the month of December, 1944, received by plaintiff in January, 1945, was not a part of plaintiff's gross income in 1944; and, since plaintiff kept its books on the accrual basis, the conditional payments were not income until payment was authorized by the Defense Supplies Corporation and received by plaintiff.

11. The butter subsidy in the amount of $3,359.05 for the month of December, 1944, which was approved for payment by Defense Supplies Corporation during the month of January, 1945, and received by plaintiff in January, 1945, was ascertainable with reasonable accuracy as to amount in December, 1944,[1] and the right to the payment thereof accrued during 1944 and constituted income to the plaintiff in the year 1944.

12. Butter subsidy payments for the months of November and December, 1943, for which claims were filed in 1944 with the Defense Supplies Corporation, were accrued on taxpayer's books and records for such months and reported as income in 1943 on its income tax return for the year 1943. Plaintiff contends that this method of treating such subsidy payments resulted from the inexperience of a new bookkeeper.

## Conclusions of Law.

1. This court has jurisdiction of this action and of the parties hereto.

2. The single question presented is whether a butter subsidy payment for the month of December, 1944, for which application was filed and payment was received by plaintiff in January, 1945, was taxable income to the plaintiff in 1944 in view of the fact that plaintiff kept its books of account and prepared its income tax returns on the accrual basis.

3. Insofar as it relates to the issues in this case, plaintiff's right to payments for process butter production rests upon Defense Supplies Corporation Regulation No. 2 (8 Federal Register 10825), as amended by Amendment No. 1 dated October 11, 1943, effective October 1, 1943. Insofar as the contentions of the parties are concerned, the pertinent part of such amendment relates to the revision of Section 6, Paragraph (b) (2) of the original regulation.[2]

4. Determination of the issue in this case is controlled by Sections 41, 42 and 48 of the Internal Revenue Code, 26 U.S.C. §§ 41, 42, 48.

5. The claim for refund attached to the complaint was properly disallowed for the reason that the butter subsidy payment for the month of December, 1944, was income to the plaintiff accrued during the calendar year 1944 and not during the calendar year 1945.

[1] Plaintiff, a manufacturer of process butter, became entitled to subsidy payments based upon the quantity of production in its establishment, month by month, if:

(a) It had filed the reports required by the Office of Price Administration applicable to such process butter;

(b) During the month involved in its claim, it had not wilfully violated any regulation of the Office of Price Administration applicable to the manufacture or sale or distribution of process butter;

(c) All benefits from subsidy payments were being passed on to the persons from whom it procured material containing butterfat through the purchase price it paid therefor or through provision for supplementary payments.

It is obvious that the facts relating to the performance of the foregoing conditions lay peculiarly within the knowledge of plaintiff. If such conditions had been performed for the month of December, 1944, as was certified by plaintiff's president in its claim (Exhibit 1 to plaintiff's request for admissions), the submission of a claim and its approval by Defense Supplies Corporation were purely ministerial acts which affected in no wise the right to payment.

[2] For convenience and reference such amendment reads as follows: "Defense Supplies Corporation shall have the right to declare invalid in whole or in part any claim for process butter produced of any applicant who fails to pass on to the persons from whom he buys raw material containing butterfat, the benefits secured from payments under this regulation, either in the original purchase price or through provision for supplementary payments."

6. Plaintiff is not entitled to recover in this action, and the defendant is entitled to a judgment herein.[3]

3. Continental Tie & Lumber Co. v. United States, 286 U.S. 290, 52 S.Ct. 529, 76 L.Ed. 1111; Commissioner of Internal Revenue v. Dumari Textile Co., 2 Cir., 142 F.2d 897; Lichtenberger-Ferguson Co. v. Welch, 9 Cir., 54 F.2d 570; Frost Lumber Industries, Inc., v. Commissioner of Internal Revenue, 5 Cir., 128 F.2d 693.