51 So.2d 882

### CLARKE et al. v. STATE.

### 3 Div. 597.

Supreme Court of Alabama.

Feb. 22, 1951.

Rehearing Denied April 12, 1951.

Ball & Ball and Fred S. Ball, Jr., all of Montgomery, for appellants.

A. A. Carmichael, Atty. Gen., and H. Grady Tiller, Asst. Atty. Gen., for appellee.

SIMPSON, Justice.

Appeal by taxpayers from a decree of the circuit court, in equity, sustaining the State's demurrer to their bill filed under the appeal procedure from an assessment of income tax by the State Department of Revenue against them.

The bill substantially shows: Appellants had filed with the Department of Revenue on or about March 15, 1944, a state income tax return for the calendar year 1943, showing income of $96,699.98 and total deductions of $64,013.94, computed on an accruel basis, leaving a net income for tax computation of $32,686.04. Figured in the deductions to produce the net income was the amount of federal income tax accrued during the calendar year 1943 in the amount of $59,648.54, under § 385, Title 51, Code 1940, permitting such a deduction; that they filed a return for the calendar year 1942, in which they reported a deduction for federal income taxes accrued of $50,080.63; and that as of September 1, 1943, in accordance with the Current Income Tax Payment Act of 1943, seventy-five per cent of said federal taxes for 1942 were cancelled and the remaining twenty-five per cent added to the 1943 tax to make up the total federal tax for 1943.

The bill further alleged that the State Department of Revenue made a final assessment against appellants for additional state income tax for 1943 in the amount of $1,877.51, based on a calculation which, in effect, taxed the appellant with additional income for 1943 in the amount of the federal income taxes cancelled for 1942 by said federal act, and although this seventy-five per cent which was cancelled was deducted by appellants on their 1942 state income tax return, the department made no attempt to make an additional assessment for 1942, upon which year the statute of

limitations provided by § 412, Title 51, Code 1940, had run, but has attempted to assess appellants with an additional 1943 tax contrary to law. Appellants further allege that on their 1943 return they had deducted only the federal taxes actually accrued in 1943, and did not attempt to take advantage of the additional twenty-five per cent of the 1942 tax which they actually paid as a part of the 1943 tax.

The State's demurrer to this bill was sustained by the trial court, and it is from this ruling that this appeal is effected.

The problem presented is a determination of the nature of the transaction involving the cancellation by the federal act of seventy-five per cent of the 1942 federal income tax on September 1, 1943, and its effect, if any, on the income of the taxpayers for 1942, or for 1943, as the case may be, taking into consideration the pertinent fact that taxpayers made return on an accrual basis.

It should be first pointed out that the Department of Revenue, in its assessment, has not grouped together the transactions of the taxpayer for 1942 and 1943, making a combined calculation of income and deductions for the two years. A careful study of the assessment will reveal that what the department has done, in effect, is to indulge in computations of the 1942 income, and the 1942 federal income tax deductions, in order to determine the amount realized as a result of the federal tax cancellation, and has treated this realization as income as of September 1, 1943, assessing additional income tax based thereon.

The appellants' position is premised on two contentions: First, that the cancellation did not result in taxable income to the taxpayers; and, second, if it did so result, it was income for the year 1942, which the assessment does not attempt to tax, and which is prevented from further assessment because of the statute of limitation provided by § 412, supra. Though these propositions are ably argued by counsel for appellants, we think they are untenable.

 We shall first consider the problem of which year the transaction affects. The appellants, as observed, report on an accrual basis. The essence of such basis is that all transactions are made effective as of the date that either the obligation to pay is fixed, or the right to receive becomes established. Ohmer Register Co. v. Commissioner of Internal Revenue, 6 Cir., 131 F.2d 682, 143 A.L.R. 1164; Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831; Helvering v. Russian Finance & Construction Co., 2 Cir., 77 F.2d 324; Hudson Motor Car Co. v. United States, 3 F.Supp. 834, 78 Ct.Cl. 117; Weil v. State, 237 Ala. 293, 186 So. 467. The law permitting a taxpayer to keep books on an accrual basis implies that books shall immediately reflect obligations and expenses definitely incurred and income definitely earned, and that taxpayer's actions shall be consistent with such books. Acacia Park Cemetery Ass'n Inc., v. Commissioner of Internal Revenue, 7 Cir., 67 F.2d 700. There can be little doubt that the right to receive the federal income tax refund became fixed as of September 1, 1943, and it but logically follows that the taxpayer, having elected to return on an accrual basis, must take such refund into consideration as part of the 1943 transactions, in order to be consistent with the accepted principles of accrual accounting.

In Helvering v. State Planters Bank & Trust Co., 4 Cir., 130 F.2d 44, 46–47, 143 A.L.R. 333, the court made the following observation bearing on this point: " * * * irrespective of whether the bad debt has been charged off in connection with the carrying on of a trade or business, we think that the taxpayer by charging it off has elected to eliminate it as capital and to treat any subsequent collection made on it as income; and because each tax year must be treated as an independent unit for the purpose of income taxation, the question of tax benefit in the year of deduction cannot be considered in connection with the taxability of the collection. * * * "

 Secondly, as to whether or not the cancellation in question is taxable income, this contention seems to have been definitely answered in the recent and somewhat analogous case of First National Bank v. State, 249 Ala. 68, 29 So. 2d 673, in which it

was held that the cancellation under the federal act in question did not amount to a gift to the taxpayer. If not a gift, it must follow that the cancellation in question could only result in income to the taxpayer. This view is further substantiated by the very closely analogous case of J. I. Case Co. v. United States, 32 F.Supp. 754, 91 Ct.Cl. 144, which held, substantially, that a taxpayer making federal income tax return on an accrual basis deducted in a certain tax year its liability for state income taxes for such year, but before such taxes were paid they were abated by the amendment of the state income tax law, and it was held that the liability for the state income tax having been extinguished, their amount was properly added in the year of their extinguishment to the taxpayer's income for federal income tax purposes.

We are also persuaded to this conclusion by the numerous other federal authorities dedicated to the principle that the cancellation of an indebtedness results in taxable income to the debtor in the amount saved. See Borin Corp. v. Commissioner of Internal Revenue, 314 U.S. 638, 62 S.Ct. 72, 86 L.Ed. 512; Commissioner of Internal Revenue v. Langwell Real Estate Corp., 7 Cir., 47 F.2d 841; Fitch v. Helvering, 8 Cir., 70 F.2d 583; Cohen v. Commissioner of Internal Revenue, 6 Cir., 77 F.2d 184, certiorari denied, Rosenbaum v. C.I.R., 296 U.S. 610, 56 S.Ct. 129, 80 L.Ed. 433; see Annotation 7 A.L.R.2d 874, and citations therein.

On the basis of the foregoing authorities and the facts affirmatively shown by the bill of complaint, we must conclude, as did the trial court, that the demurrer to the bill was well taken.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.

### On Rehearing

SIMPSON, Justice.

We are taken to task for our statement above as to appellants' position on the appeal. In brief, counsel asseverates: "But that was not appellants' position at all.

The assessment appealed from disallowed part of taxpayers *deduction* for federal income taxes claimed in their 1943 return. It did so by means of an unauthorized 'adjustment' by grouping the two years 1942 and 1943 together. Appellants' sole position was that they had been deprived of the *deduction* allowed by Title 51, Section 385. * * * The question of the statute of limitation was not only *not* appellants' *main* contention but it is not so contended at all. * * * The statute of limitation is not involved."

The statement in argument on submission that if "the Department [could] go back into a previous year and disallow deductions lawfully taken at the time and charge them as additional income in a later year * * * the statute of limitations would be of no effect whatever," etc., along with other such argument, was construed by us as importing a contention to the effect stated. But whether that interpretation be correct or not in no wise could affect the result attained. We disposed of this contention, however it be stated, by pointing out that "the Department of Revenue has not, in its assessment, grouped together the transactions of the taxpayer for 1942 and 1943, making a combined calculation of income and deductions for the two years," as contended by appellants.

On careful re-examination of the proceedings set forth in the transcript before us, we are not persuaded that we were in error in the quoted conclusion and that the Department in fact lumped the two years. In the notice to the taxpayers we find this "Explanation: To adjust for federal income tax accrued and deducted for 1942 but discharged as of September 1, 1943," followed by a tabulation of the 1943 accrual, plus one-fourth of the 1942 tax; the total tax for 1942 and 1943; less amount accrued and deducted on 1942 return, showing the balance deductible on 1943 return of $22,-098.41. This is followed by the amount deducted on 1943 return of $59,648.54, which by deducting the deductible amount of $22,-098.41, left a balance of "excess deduction or additional income of $37,550.13." This latter amount forms the basis of the Department's assessment against appellants for

additional State income tax for the year 1943. Whatever else this calculation may be said to show, it discloses merely a method of arriving at what seems to us to be the inescapable conclusion that appellants claimed a deduction of federal income tax for the year 1943 in excess (in the amount here involved) of what they actually paid; in other words, that they had had credit on the 1942 State tax of an amount which they again claimed in the 1943 return. As we held in First National Bank v. State, 249 Ala. 68, 71–72, 29 So.2d 673, 675: "It is immaterial what language is used to declare a result. The result here was that the amount of the 1942 tax was presumably paid in 1943, but that amount was added in and became part of what was called the 1943 tax, and paid as such, but it was paid only once. The taxpayer cannot profit by any such fiction. He is not entitled to it as an accrued tax in 1942 and to a deduction of the same amount as accrued in 1943, or as paid in 1943. * * *"

With somewhat added vehemence, the brief belabors us for our rationalizing to the conclusion that the amount of the 1942 tax "forgiven" by the federal government in 1943 (and for which appellants had had credit on the 1942 State tax) constituted additional income for the year 1943. We did not, as counsel seem to think, treat the cancellation of a part of the tax by the federal government as a "refund." In fact, we gave full effect to our case of First National Bank v. State, supra (cited by appellants as holding in effect that such is not a refund), which specifically holds that such a discharge or forgiveness by the federal government is not a *gift* and that a deduction like unto that here claimed was not permissible. Appellants' reiterated contention that the forgiveness or remission of tax by the federal government is a gratuitous discharge and could not result in the realization of income is, we think, wholly untenable and sufficiently answered in our original opinion.

But we forego further comment except to say the application is not well taken.

Application for rehearing overruled.

LIVINGSTON, C. J., and BROWN, FOSTER, and STAKELY, JJ., concur.