66 So.2d 66

## STATE v. COMMONS.

### 6 Div. 419.

Supreme Court of Alabama.

Aug. 27, 1952.

Rehearing Denied June 30, 1953.

Si Garrett, Atty. Gen., and H. Grady Tiller and Willard W. Livingston, Asst. Attys. Gen., for appellant.

Arthur D. Shores, Birmingham, for appellee.

STAKELY, Justice.

This appeal grew out of an assessment for income tax for the calendar year 1948 made by the State Department of Revenue against John W. Commons, taxpayer. The taxpayer appealed from the assessment under the provisions of § 140, Title 51, Code of 1940, to the Circuit Court of Jefferson County, in Equity, which rendered a decree in favor of the taxpayer. From this decree this appeal is taken by the State of Alabama, appellant here.

The case was submitted in the Circuit Cour of Jefferson County on bill and answer and on a stipulation between the parties to which we shall later refer. We will presume, since there was no objection to the submission, that the submission was at a regular call with both parties present and with the consent of the parties to the cause. Sweet v. Wilkinson, 252 Ala. 343, 40 So.2d 427; Equity Rule 58, Code 1940, Tit. 7, Appendix. From the briefs filed by the appellant and the appellee on submission to this court we also take it that there is no dispute as to the material facts involved in the case. The facts appear to be as follows.

During the calendar year 1948 the taxpayer sold five parcels of real estate under lease sale contracts. The initial payments to the taxpayer on each sale was less than 40% of the purchase price, the taxpayer taking notes maturing in subsequent years for the balance of the purchase price. On March 15, 1949, the taxpayer filed with the State Department of Revenue his income tax return for the calendar year 1948. The sales of the lots to which reference has been made were not reported by the taxpayer on his 1948 income tax return. Upon examination by the State Department of Revenue of the books of the taxpayer, which the agent of the State Department of Revenue described as the "taxpayer's accrual bookkeeping system" in his report, the aforesaid sales of real property were discovered. Accordingly the State Department of Revenue assessed income tax for the year 1948 against the taxpayer based on the total amount of the sale contracts, less actual costs reduced by the allowable or allowed depreciation in the total sum of $2,450.83. In his tax return for the calendar year 1948 the taxpayer was asked the following question: "Is this return filed on cash—— or accrual—— basis?" The taxpayer placed an "X" after the word "accrual".

However the taxpayer's return for the year 1948 was made and filed on the basis by which the taxpayer regularly kept his books and made his accounting. The taxpayer regularly filed his returns, including the return of 1948, in a manner to include only sales of real property that had been paid for in full.

The taxpayer bought Parcel No. 1 on November 22, 1933, at a cost of $1955.50 and sold the same on September 28, 1948, on a lease sale contract at a price of

$12,000 with total payments in 1948 of $585.21. Parcel No. 2 was bought May 12, 1936, at a cost of $2400.00 and sold on a lease sale contract on December 29, 1948, at a price of $5,000.00 with total payments received in 1948 of $400.00. Parcel No. 3 was purchased September 8, 1936, at a cost of $950.00 and sold by lease sale contract on October 18, 1948, at a price of $5,000.00, with total payments received in 1948 of $200.00. Parcel No. 4 was purchased March 4, 1935, at a cost of $275.00 and sold December 1, 1948, on a lease sale contract for $1500.00, with no payments received during 1948. Parcel No. 5 was purchased April 6, 1937, at a cost of $68.00 and sold by lease sale contract on March 10, 1948, with total payments received in 1948 in the amount of $125.00.

It was agreed between the parties by stipulation on which the cause was submitted for final decree in connection with the submission on bill and answer as follows:

"If the Court determines as a matter of law that the taxpayer has waived his right to return his 1948 income on the installment basis, thereby upholding the contention of the State of Alabama, then the tax liability for said year 1948 is as follows:

"Total Amount Due                 $1,089.44
Less Amount Paid March
  15, 1949                              109.55
                                       ————
  Balance Due                       $ 979.89,
plus interest at six percent per annum from March 15, 1949.

"If the Court determines as a matter of law that the taxpayer is entitled to return his 1948 income on the installment basis, thereby upholding the contention of the taxpayer, then the tax liability for the said year 1948 is as follows:

"Total Amount due                  $207.36
Less Amount Paid March
  15, 1949                              109.55
                                       ————
  Balance Due                       $ 97.81,
plus interest at six percent per annum from March 15, 1949."

In its final decree the court found that the taxpayer was entitled to the relief prayed for in his bill of complaint, "for the reason that it appears to the court that he acted in good faith and with no wrongful intent and that he should not be held to have waived the right to return his income from the sales of the property in question on the installment basis." The decree of the court was further to the effect that "the State of Alabama have and recover of the Appellant, John W. Commons the sum of Ninety-seven and 81/100 ($97.81) Dollars, together with interest at six (6) percent per annum from March 15, 1949, * * *." .

Section 411, Title 51, Code of 1940, provides as follows:

"§ 411. *Installment basis.*—(a) Dealers in personal property. Under regulations prescribed by the department of revenue, a person who regularly sells or otherwise disposes of personal property on the installment plan may return an income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit realized or to be realized when payment is completed bears to the total contract price. (b) Sales of realty and casual sales of personalty. In the case (1) of a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year), for a price exceeding one thousand dollars, or (2) *of a sale or other disposition of real property, if in either case the initial payments do not exceed forty percent of the selling price, the income may, under regulations prescribed by the department of revenue, be returned on the basis and in the manner above prescribed in this section.* As used in this section the term 'initial payments' means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made. * * *" [Emphasis supplied.]

■ The question for decision in the present case is whether the taxpayer is precluded from having his real estate transactions returned on the installment basis for 1948. In § 379(b), Title 51, Code of 1940, it is provided:

"§ 379. *Determination of amount of gain or loss.*—* * * (b) Amount realized. The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair and reasonable market value of the property (other than money) received. * * *"

It is obvious that if the taxpayer in the case at bar is precluded from seeking the benefits of being allowed to make his return on the installment basis as provided in § 411, he will lose the benefit of spreading his gain over a period of years and also of being forced to make a return of a gain which for one unforeseen reason or another, he may never receive.

We quite understand that there may be situations when the taxpayer through dishonesty or lack of good faith or other good reason should not be allowed to retrace his steps and take advantage of provisions of the statute which by his conduct he has clearly forfeited, but like the trial court we do not feel that such a situation exists in the case at bar. In re Harrington, D.C., 1 F.2d 749; 47 C.J.S., Internal Revenue, § 620, page 850.

It is true that the taxpayer may have noted his system as the accrual system but the facts do not appear to show the system to be such as he termed it. First Nat. Bank v. State, 249 Ala. 68, 29 So.2d 673. In the case at bar his 1948 return was made on the basis by which he regularly kept his books and made his accounting. His practice over the years, including his 1948 return, was to include only sales for which he had been paid in full. Accordingly, he did not report the sales made in 1948 because he did not regard the sales as completed. Neither did he seek to hide his transactions through failure to enter the transactions on his books. As we understand the situation, when the examiner of the State Department of Revenue ex-amined his books, he found entries of the sales. It seems to us that in fairness to the taxpayer, the taxpayer should not now be deprived of the benefits provided by § 411, just because he did not make the return of the sales in his income tax return of 1948 and just because he inadvertently checked his return as being on an accrual basis. If he had made return of the sales in his 1948 income tax return, he clearly could have secured the benefit of the installment basis provided by § 411. We see nothing in the present situation which should preclude the taxpayer from receiving such benefit at the present time.

The decree of the lower court is due to be affirmed.

Affirmed.

FOSTER, LAWSON and SIMPSON, JJ., concur.