83 So.2d 317

**STATE of Alabama**

**v.**

**YELLOW PINE LUMBER CO., Inc.**

**2 Div. 355.**

Supreme Court of Alabama.

Nov. 10, 1955.

John Patterson, Atty. Gen., and Willard W. Livingston and H. Grady Tiller, Asst. Attys. Gen., for appellant.

614

Edgar A. Stewart and Pettus, Fuller, Reeves & Stewart, Selma, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the Circuit Court of Dallas County, in Equity, overruling the demurrer of the State of Alabama to a bill of complaint filed by Yellow Pine Lumber Company, Inc., a corporation. The State Department of Revenue made an additional income tax assessment against Yellow Pine Lumber Company for $435.34 with interest aggregating $19.59, on December 15, 1947. This amount was claimed by the State to be due from the Yellow Pine Lumber Company, Inc., for the year 1946. The aforesaid appeal was taken under the provisions of § 140, Title 51, Code of 1940, by Yellow Pine Lumber Company, Inc., to the Circuit Court of Dallas County, in Equity, since the taxpayer resides in that county.

The bill of complaint alleges in substance the following. Yellow Pine Lumber Company, Inc., is a corporation with its principal place of business at Selma, Dallas County, Alabama. The taxpayer, Yellow Pine Lumber Company, Inc., at all times reported its income on the accrual basis. The taxpayer sustained and showed on its State of Ala-

bama Income Tax Return for the year 1945 a loss in the sum of $14,719.29 and by virtue of this loss the taxpayer applied to the United States of America for a refund of income and excess profits tax in the net amount of $14,511.30. It is alleged that the complainant was entitled to this refund by reason of the "carryback" of its 1945 loss and its 1945 unused excess profits credit as provided by the laws of the United States. Pursuant to the provisions of the United States Internal Revenue Act the taxpayer filed claim shortly after January 1, 1946, with the United States Treasury Department. The claim was allowed and refund was paid to the taxpayer by the United States Government in the sum of $14,511.30, the amount of claim filed, within ninety days thereafter.

The taxpayer, Yellow Pine Lumber Company, Inc., being on the accrual basis, reported this amount on its 1945 State of Alabama Income Tax Return as income for the year 1945. However, the refund was actually paid to the taxpayer by the United States Government in the year 1946. In making the assessment to which reference has been made the state contended that the amount of the refund was taxable to the taxpayer as income for the year 1946 rather than the year 1945. In overruling the demurrer of the State of Alabama to the bill of the Yellow Pine Lumber Company, Inc., the court in its decree said:

"* * * that Appellant, Yellow Pine Lumber Company, reported its income on the accrual basis; that appellant's right to the refund of the said sum of $14,511.30 became fixed and certain in the year 1945; that said sum was properly includible as income to appellant for the year 1945 and was not properly includible as income for appellant for the year 1946, and that the assessment against appellant for said additional income tax for the year 1946 was erroneous and void."

Under the Federal Statutes, §§ 710(c) (3) and 122(b), U.S.Internal Revenue Code of 1939, 26 U.S.C.A. §§ 710(c) (3), 122(b), the taxpayer's right is established to a refund and Yellow Pine Lumber Company, Inc., was entitled to "carryback" the loss and had the right to receive the refund. Section 3780 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3780, provides that where the right to refund under the aforesaid Federal Statutes has accrued and become fixed, the taxpayer is to file a claim with the Commissioner of Internal Revenue and under § 3780 the Commissioner is required within ninety days thereafter to approve and allow the claim, except to discover omissions and errors of computation therein. Sections 6411, 6411(c) of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 6411, 6411(c) were taken from § 3780, 3780(b) and 3781 of the Internal Revenue Code of 1939 with only minor changes.

The question for decision is whether or not the refund is taxable in the year 1945 as contended by the taxpayer and as determined by the trial court in its decree or whether the same is taxable as income in the year 1946 as contended by the State.

■ The taxpayer's accounting is on the accrual basis as distinguished from the cash basis and its tax returns have at all times been made on the accrual basis. It is settled that refunds of taxes constitute taxable income. In the case of Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 67 S.Ct. 271, 272, 91 L.Ed. 296, both the tax court and the circuit court had held that the refund of taxes to the taxpayer was income subject to income tax. The holding of these two courts in this respect was affirmed by the Supreme Court of the United States as follows:

"Both courts below correctly held that the refund was properly assessed as income. D.C., 57 F.Supp. 731; 3 Cir., 152 F.2d 521. Cf. Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725; Freihofer Baking Co. v. Commissioner, 3 Cir., 151 F.2d 383."

■ The Alabama Income Tax Law, § 383, Title 51, Code of 1940, appears to be substantially the same as § 41, U.S.Internal Revenue Code of 1939, 26 U.S.C.A. § 41. These statutes state the basis of the computation of net income. The construction which the Federal Courts have placed on the Federal income tax act carries much

weight with the courts of this state when it comes to the construction of similar provisions of the Alabama State Income Tax Law. State v. Flenner, 236 Ala. 228, 181 So. 786.

■ It is well settled that where accounts are kept and tax returns made on the accrual basis as distinguished from the cash basis, income is accrued to and allocable to the year in which the right to receive the income becomes fixed, even though the income is not actually received until a subsequent year. In other words, it is "the right to receive income and not the actual receipt which determines inclusion of an amount in gross income under the accrual method of accounting." Spring City Foundry Co. v. Commissioner of Internal Revenue, 292 U. S. 182, 54 S.Ct. 644, 78 L.Ed. 1200; United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347; First National Bank v. State, 249 Ala. 68, 29 So.2d 673.

In Spring City Foundry Co. v. Commissioner of Internal Revenue, supra, the Supreme Court of the United States said [292 U.S. 182, 54 S.Ct. 645]:

"Keeping accounts and making returns on the accrual basis, as distinguished from the cash basis, import that it is the *right* to receive and not the actual receipt that determines the inclusion of the amount in gross income. When the right to receive an amount becomes fixed, the right accrues."

Accordingly, if the taxpayer's right to receive the refund in question becomes fixed and certain in the year 1945, then it is clear that the refund is taxable as income to the taxpayer in the year 1945.

■ Under § 3780 of the United States Internal Revenue Code of 1939 where the right to a refund has accrued and become fixed, the taxpayer is to file a claim with the Commissioner of Internal Revenue. As we have pointed out the Commissioner is required within 90 days after the filing of the claim with the Commissioner to allow the claim, except as to what amounts to clerical mistake. We feel satisfied that the filing of the claim in question by Yellow

Pine Lumber Company, Inc., pursuant to § 3780 and the action of the Commissioner of Internal Revenue in allowing the refund in the year 1946 pursuant to § 3780, were no more than ministerial functions. The right of Yellow Pine Lumber Company, Inc., to the refund became fixed and certain in the year 1945 because the taxpayer sustained the loss in that year. There was no contingency as to the taxpayer's right to the refund. There was no uncertainty as to the taxpayer's right to the refund and no uncertainty as to the fact that the refund, as correctly computed, would be paid. The only uncertainty and the only contingency was the time of the receipt of the payment of the refund by the taxpayer.

In the case of Commissioner of Internal Revenue v. Dumari Textile Company, 2 Cir., 142 F.2d 897, 898, the court had occasion to rule on the question here involved. In that case the taxpayer was engaged in the textile business and was on the accrual basis. Under date of June 22, 1936, Congress passed an act entitling processors to file claim for refund covering Floor Stock Taxes. On June 30, 1936, the taxpayer accrued a sum as the estimated claim for refund covering Floor Stock Taxes. The amount of this claim was subsequently adjusted by the taxpayer and claim for refund was filed. The claim, however, for the refund was not allowed by the Commissioner of Internal Revenue until 1938, at which time the refund was paid to the taxpayer. The Commissioner contended that the refund was not accruable as income until the claim was allowed and its amount determined in 1938. In this connection the court said:

"The Commissioner contends that the amount of $6,260.86 paid by him to the claimant pursuant to Section 602 of the Revenue Act of 1936 was not accruable as income until the claim was allowed and its amount determined on January 14, 1938. His contention is that until its allowance the refunding claim was not capable of ascertainment with reasonable accuracy. But there can be no doubt that the statute fixed the total amount of recoupment from all sources to which the claimant was entitled on

January 6, 1936. So far as it had the right to receive recoupment from its vendors or had passed on the processing tax to its vendees, its right to any refund from the government was reduced pro tanto."

The court further said:

"The Commissioner's further contention that no part of the claim accrued in 1936 because it was contingent on allowance by the Commissioner which was not until 1938, seems unfounded. * * * But we cannot see how uncertainty as to the amount of the claim against the government affected the taxpayer's right and obligation to accrue the total amount of income which it was entitled to recover from all sources during the year ended June 30, 1936. The suggestion that the receipt of the correct amount of reimbursement from the government was dependent on filing a claim in time and upon the action of the Commissioner proves too much. All claims for refunds would be incapable of accrual under such an argument. The decision of the Supreme Court in Continental Tie & Lbr. Co. v. United States, 286 U.S. 290, 52 S.Ct. 529, 76 L.Ed. 1111, amply justifies the conclusion that the function of the Commissioner in ascertaining the amount to be refunded by the government from the books and records of the claimant was ministerial."

See also Continental Tie & Lumber Co., v. United States, 286 U.S. 290, 52 S.Ct. 529, 76 L.Ed. 1111; Cloverleaf Creamery Co. v. Davis, D.C., 97 F.Supp. 121.

We feel that reference should be made to some of the cases relied on by the State. In both Dixie Pine Products Co. v. Commissioner of Internal Revenue, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 270, and Security Flour Mills Co. v. Commissioner of Internal Revenue, 321 U.S. 281, 64 S.Ct. 596, 88 L. Ed. 725, the taxpayer vigorously protested and litigated in court the liability to pay the tax while at the same time it was accruing the liability on its books. In each of these cases the liability for the tax was not only uncertain but was wholly contingent on a court decision, which is not the situation in the case at bar.

In Dixie Pine Products Co. v. Commissioner of Internal Revenue, supra, it was said [320 U.S. 516, 64 S.Ct. 365]:

"It has never been questioned that a taxpayer who accounts on the accrual basis may, and should, deduct from gross income a liability which really accrues in the taxable year. It has long been held that, in order truly to reflect the income of a given year, all the events must occur in that year which fix the amount and the fact of the taxpayer's liability for items of indebtedness deducted though not paid; and this cannot be the case where the liability is contingent and is contested by the taxpayer. Here the taxpayer was strenuously contesting liability in the courts and, at the same time, deducting the amount of the tax, on the theory that the state's exaction constituted a fixed and certain liability. This it could not do. It must, in the circumstances, await the event of the state court litigation and might claim a deduction only for the taxable year in which its liability for the tax was finally adjudicated."

To like effect is the case of Security Flour Mills Co. v. Commissioner of Internal Revenue, supra.

Summing up the aforesaid cited cases and other Federal cases which we need not here cite, it appears to be the law that where a taxpayer's right to a refund is contingent upon the outcome of litigation, then the right does not become fixed until the litigation is finally adjudicated. In the case at bar all the facts and circumstances occurred in the year 1945, which entitled Yellow Pine Lumber Company, Inc., to the refund as a matter of right. We do not consider that the mere fact of having to file a claim with the Commissioner of Internal Revenue, with the right to correct errors in computation, constituted such a contingency as to prevent the taxpayer's

618

right to a refund from having become fixed and certain in the year 1945.

Since we hold that the refund to the taxpayer was properly accruable to the taxpayer for the year 1945 and was taxable as income for the year 1945, this being the year in which the taxpayer's right to the refund occurred, the court correctly overruled the demurrer of the State to the bill filed by Yellow Pine Lumber Company.

The decree of the lower court is, therefore, due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.