114 So.2d 261

**STATE of Alabama**

**v.**

**Samuel EDELMAN.**

**7 Div. 417.**

Supreme Court of Alabama.

Aug. 20, 1959.

Ralph D. Porch, Anniston and Bainbridge & Mims, Birmingham, for appellee.

John Patterson, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellant.

LAWSON, Justice.

This is an appeal by the State from a decree of the Circuit Court of Calhoun County, in Equity, vacating a deficiency in-

come tax assessment made by the State Department of Revenue against Samuel Edelman, a resident of Calhoun County.

The question for decision is whether Edelman owes State income tax on a tax refund which he received from the federal government.

Edelman has reported his income to the State on a calendar year cash accounting basis.

In 1952 Edelman paid to the Director of Internal Revenue the sum of $32,041.85 as additional federal income tax for the years 1943, 1944, and 1945.

Edelman paid no income tax to the State of Alabama for the year 1952. His state income tax return for that year showed an income of $11,065.13 before deduction. He deducted the amount of $32,041.85 paid the federal government, hence his state return showed no taxable income.

In 1954 Edelman was refunded a part of the additional taxes which he had paid the federal government in 1952. The amount of the refund was $20,771.23.

Edelman did not list as income in his 1954 state income tax return any part of the amount so refunded.

The State Department of Revenue determined that the refund was subject to state income tax for the year 1954 and, in 1956, entered a deficiency assessment to that effect.

The Circuit Court of Calhoun County vacated that assessment. The State has appealed from that decree.

In a strict sense income has been considered gain derived either from capital or labor, or from both combined, or from the sale or exchange of property.

The recovery of a debt previously charged off as worthless, the refund or abatement of a tax, the recoupment of a loss, the rebate or cancellation of an expense, and similar adjustments affecting items deducted in prior years are not in this strict sense a part of income.

Nevertheless, such recoveries or cancellations are as a general rule said to be subject to income tax. See Plumb, The Tax Benefit Rule Today, 57 Harvard Law Review 129, 130.

In our recent case of State v. Yellow Pine Lumber Co., 263 Ala. 613, 83 So.2d 317, we observed that refunds of taxes constitute taxable income. It seems that in the Yellow Pine Lumber Co. case the taxpayer conceded that the refund was taxable. The dispute was as to the year in which it should be reported as income.

The authorities seem to differ on the theoretical basis for taxing such items as tax refunds and the recovery of debts previously charged off as worthless. One theory which seems to rest on estoppel or implied waiver is that by taking the deduction the taxpayer consents that any future recovery with respect to the item shall be taxed. Philadelphia Nat. Bank v. Rothensies, D.C., 43 F.Supp. 923. Another theory seems to be that the allowance of a deduction results in a portion of gross income not being taxed; when the deducted item is recouped, the recovery stands in the place of the gross income which had not been taxed before and is therefore taxable. National Bank of Commerce of Seattle v. Commissioner, 9 Cir., 115 F.2d 875.

We are not concerned here with the question as to which theory is correct. If the first theory be accepted, considerations of equity and fair dealing forbid that the waiver or the acquiescence be carried beyond the benefit received and the same applies if it be considered as an estoppel.

The second theory allows recovery by the taxing authority because of a tax benefit previously received by the taxpayer. If there was no tax benefit because of the deduction there should be no taxation of the refund.

Edelman received no tax benefit in 1952 from the sum refunded in 1954 because the amount of the deduction not refunded was in excess of his income for 1952. In other words, Edelman's 1952 state return showed an income of only $11,065.13. It showed a deduction of the $32,041.85 paid the federal government. The federal government in 1954 refunded to Edelman the sum of only $20,771.23. The amount not refunded was $11,270.62, which is more than Edelman's income for 1952.

We have given careful consideration to the State's insistence that we should not apply the tax benefit rule in the absence of legislative action. Our attention is called to the fact that the Congress of the United States enacted legislation in regard to the tax benefit rule in 1942.

Our research discloses, however, that the adoption of those statutes came about as a result of the fact that the Supreme Court of the United States had never passed on the question and that other federal courts and administrative agencies were far from consistent in their holdings.

As we see it, the question before us is the extent to which tax refunds are taxable as income. The answer to that question, in our opinion, is dependent upon whether or not a taxpayer has gotten a benefit from the refund. Unless he has received such benefit, there is no reason, moral or legal, why the refund should be considered as income.

Since Edelman received no tax benefit from the $20,000 refund sought to be taxed, the trial court correctly vacated the assessment of the State Department of Revenue. Our holding here is not in conflict with our holding in State v. Yellow Pine Lumber Co., supra. In that case we were not called upon to consider the question as to whether the tax benefit rule should apply.

The decree of the trial court is affirmed.

Affirmed.

SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.