Harry Allen CHAPMAN and Mary Kay Chapman, Plaintiffs in Error,

v.

The OKLAHOMA TAX COMMISSION, Defendant in Error.

No. 42749.

Supreme Court of Oklahoma.

Oct. 28, 1969.

Rehearing Denied Jan. 13, 1970.

Hall, Abercrombie & Estill, Tulsa, for plaintiffs in error.

Albert D. Lynn, E. J. Armstrong, and R. O. Ingle, Oklahoma City, for defendant in error.

JACKSON, Justice.

This is an appeal by Harry Allen Chapman and Mary Kay Chapman from an order of the Oklahoma Tax Commission assessing additional income taxes against them for the years 1962 and 1963. The taxpayers paid the additional tax under protest and appealed pursuant to the statute now codified as 68 O.S.1965 Supp., Sec. 225.

There is no dispute as to the facts. Taxpayers' income consisted principally of dividends on common stocks and the return on investments in, and the development of, oil producing properties. Most of taxpayers' income for the years 1958, 1959 and 1960 (95%, 92% and 100% respectively) was taxable in Oklahoma, and for those years they deducted from adjusted gross income, for purposes of determining the amount of income subject to the Oklahoma income tax law, a total of about $680,000.-00 representing federal income taxes paid during those years and allocable to Oklahoma.

In 1960 taxpayers began extensive oil drilling and development operations in several other states. These operations were failures and in 1961 and 1962, resulted in losses to the taxpayers considerably in excess of $2,000,000.00. Taking advantage of the "loss carry-back" provisions of the federal Internal Revenue Code, taxpayers applied for, and received during 1962 and 1963, federal income tax refunds for the years 1958, 1959 and 1960 exceeding $700,000.00.

After hearings pursuant to the Uniform Tax Procedure Code, the Commission held, in effect, that the portion of these refunds allocable to Oklahoma was subject to the Oklahoma income tax law, and assessed additional taxes accordingly (about $50,-000.00) for the years 1962 and 1963. Taxpayers appeal.

The additional taxes were assessed under what is called the "tax benefit" rule. This rule is stated as follows in 34 Am.Jur. 2d Federal Taxation (1969), Sec. 5250: "Recovery of an item previously deducted is taxable to the extent that the original deduction represented a 'tax benefit'". In the case now before us, it cannot be denied that the deduction of the Oklahoma portion of federal income taxes paid in 1958, 1959 and 1960, resulted in a tax benefit to the taxpayer, because it reduced by a considerable amount the taxable income upon which the Oklahoma income tax was computed in those years.

In the briefs, taxpayers do not deny that, under proper circumstances, the tax benefit rule is applicable in Oklahoma. They argue that because of basic differences between the scheme of income taxation followed in Oklahoma, and that followed in most other states and by the federal government, any application of the tax benefit rule in this state should be made only after considering the *source* of the item recovered (in this case, the Oklahoma portion of the federal income taxes paid in the prior years).

The basic difference pointed out by the taxpayers is as follows: in Oklahoma, the only business income subject to taxation is that arising "* * * from all property owned and/or business transacted within this State"; 68 O.S.1965 Supp., Sec. 2304(a). Because of this feature of our income tax law, out-of-state profits and losses are not considered in computing the Oklahoma income tax; as a matter of fact, during the years in which taxpayers had a net loss of over $2,000,000.00, they still paid an income tax in Oklahoma because Oklahoma operations remained profitable. On the other hand, in most other states, and in the federal scheme of income taxation, the question of the *source* of the income (the state in which it is earned) is of no consequence because those jurisdictions tax the entire income less proper deductions, without regard to the question of where it is earned.

Perhaps because of this distinction, the parties have cited no cases from other jurisdictions precisely in point on the facts, and our own research has disclosed none. State of Alabama v. Edelman, 269 Ala. 475, 114 So.2d 261, principally relied upon by the Commission, is not in point because Alabama is one of the jurisdictions which tax the entire income of the taxpayer, regardless of its "situs". Code of Ala., Tit. 51, Sec. 384(3).

The only Oklahoma case that has come to our attention in which the tax benefit rule was considered is National Bank of Tulsa v. Oklahoma Tax Commission, 193 Okl. 529, 145 P.2d 768. In that case this court held, upon a rather involved set of facts, that the item previously deducted had originally been a part of capital and not income, that the deduction had not resulted in a tax saving to the taxpayer, and that the subsequent recovery of the item deducted was therefore not taxable under the tax benefit rule. No question as to the "situs" of the income was presented, and it is therefore of little assistance in the case now before us. It may be noted, however, that this court did look to the source of the item subsequently recovered for the purpose of determining whether the deduction had resulted in a tax benefit to the taxpayer.

For that reason, and because of the distinction between Oklahoma income tax laws and those of most other jurisdictions, under which the place where the income is earned is a factor in Oklahoma but not elsewhere, we hold that the question of source must be considered in determining the applicability of the tax benefit rule in this state.

We do not agree, however, with the taxpayers' argument that the source of the item subsequently recovered in this case was the losses incurred in out-of-state operations. Although, as taxpayers argue, it can be said that the recovery of federal income taxes paid in the prior years was "generated" or "triggered" by the out-of-state losses mentioned, it is clear that there would have been no recovery if federal income taxes had not been paid in the prior years, because there would have been nothing to recover under the "loss carry-back" provisions of the Internal Revenue Code.

We therefore hold that the source of the recovery in this case—as opposed to what caused it—was the federal income taxes paid in 1958, 1959 and 1960, which were deducted, insofar as they were allocable to Oklahoma, in computing the Oklahoma income tax for those years. Since the amounts deducted represented only the Oklahoma portion of the federal income taxes paid, the ultimate source of the recovery in this case was income earned in Oklahoma.

As we understand the order of the Commission, the additional taxes in question were assessed only on the portion of the recovery allocable to Oklahoma.

The order of the Oklahoma Tax Commission is affirmed.

All the Justices concur.