## BROWN v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5630.
Circuit Court of Appeals, Third Circuit.
July 31, 1935.

Jesse I. Miller, of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Morton K. Rothschild and J. Louis Monarch, Sp. Assts. to Atty. Gen., for defendant.

Before BUFFINGTON and THOMPSON, Circuit Judges, and JOHNSON, District Judge.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. In 1927, the Electro Construction Company, a corporation, had outstanding 1,000 shares of capital stock, of which the petitioner, William T. Brown, Jr., owned 550 shares, Joseph F. McCarthy 445 shares, and John A. McCarthy 5 shares. Joseph F. McCarthy died testate and under his will John A. McCarthy became the owner of his shares. The corporation declined John A. McCarthy's request to redeem those shares at their book value of $205 per share, for, although at that time it had $154,000 cash on hand, it needed all of its available cash to execute a number of contracts then pending. The petitioner, however, agreed to and did in fact buy the 445 shares for $91,225 and paid for them out of his own personal funds. The petitioner thereupon sold 5 shares to his secretary and retained 990 shares. In 1927 and 1928, the corporation declared a 100 per cent. cash dividend, but in 1929, no dividend was declared, although the company's earnings were high. The cash on hand had increased from $154,000 in 1927 to approximately $241,000 near the close of 1930. December 16, 1930, the corporation redeemed and canceled 440 of the shares which the petitioner had purchased from John A. McCarthy and paid the petitioner $280 per share or $123,200, using funds out of its surplus with which to pay for the difference between the par value and the book value. One day later the corporation declared a 400 per cent. stock dividend on its capital stock, whereby the petitioner received 2,200 shares, his secretary 20 shares, and John A. McCarthy 20 shares. In his income tax return for 1930, the petitioner reported $31,975 as profit resulting from the sale of his stock to the corporation. The Commissioner assessed a deficiency and was sustained by the Board of Tax Appeals.

The petitioner contends that the transaction was in partial liquidation of the cor-

poration under section 115 (c) of the Revenue Act of 1928, 26 USCA § 2115 (c) and that only the liquidated profit of $31,975 was taxable. The Commissioner, on the other hand, contends that the transaction was essentially equivalent to the distribution of a taxable dividend under section 115 (g) of the Revenue Act of 1928, 26 USCA § 2115 (g), and that the entire $123,200 should be reported in the petitioner's income tax return as dividend subject to tax.

The applicable statute is section 115 of the Revenue Act of 1928 (26 USCA § 2115) which provides:

"(a) The term 'dividend' when used in this title (except in section 2203 (a) (4) and section 2208 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913. * * *

"(c) Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 2111, but shall be recognized only to the extent provided in section 2112. In the case of amounts distributed in partial liquidation (other than a distribution within the provisions of section 2112 (h) of stock or securities in connection with a reorganization) the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits within the meaning of subsection (b) of this section for the purpose of determining the taxability of subsequent distributions by the corporation. * * *

"(g) If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed in redemption or cancellation of the stock, to the extent that it represents a distribution of earnings or profits accumulated after February 28, 1913, shall be treated ed as a taxable dividend. In the case of the cancellation or redemption of stock not issued as a stock dividend this subsection shall apply only if the cancellation or redemption is made after January 1, 1926.

"(h) As used in this section the term 'amounts distributed in partial liquidation' means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock."

The question is whether the payment by the corporation for the redemption of the petitioner's stock was essentially equivalent to the distribution to him of a taxable dividend. It is for the Board of Tax Appeals to determine from the facts before it whether the particular transaction is essentially equivalent to a taxable dividend. Commissioner v. Babson (C. C. A.) 70 F.(2d) 304, certiorari denied, 293 U. S. 571, 55 S. Ct. 107, 79 L. Ed. 669. We think the Board had sufficient evidence upon which to base its findings. The money with which the corporation paid the petitioner came from its profits and earnings. Prior to the sale to the corporation of 440 shares of capital stock, the petitioner held 99 per cent. of the stock. Notwithstanding the fact that the corporation paid him $123,200 for less than one-half of the stock which he held, the petitioner, after the sale, continued to hold 98 per cent. of its stock. The reduction of the capital stock did not amount to a liquidation, for it is to be noted that the following day the capital stock was increased and the business of the corporation was continued at a profit.

In Hyman v. Commissioner, 63 App. D. C. 221, 71 F.(2d) 342, 344, certiorari denied, 293 U. S. 570, 55 S. Ct. 100, 79 L. Ed. 669, the court, speaking of section 115 (g) of the Revenue Act of 1928 (26 USCA § 2115 (g), said:

"The purpose of Congress in the inclusion of (g) was to narrow the distinction to the end that corporations might not by resort to the device of stock redemption or cancellation make a distribution to its shareholders essentially resulting in a division of profits. In both the House and Senate reports, and in the conference reports, an illustration is given showing the congressional purpose. The

illustration supposes, under the tax laws prior to the amendment involved here, the case of two men holding practically the entire stock of a corporation for which each paid $50,000. The corporation, having accumulated a surplus of $50,000 above its cash capital, buys from the stockholders for cash one-half of the stock held by them and cancels it, and the payment is nontaxable because it is a partial redemption of stock. To change this result and make it taxable (g) was written and incorporated into the law. Granted the illustration is an apt one and the object sought accomplished, it will be seen how nearly it fits the facts of this case, for here we have a corporation with large accumulated earnings, which, by means of a purchase of a part of its stock, it transfers to its single stockholder, leaving the corporation precisely in the condition in which it was prior to the transfer, except that its earnings have been distributed to its stockholder without having disturbed his ownership and control of the corporation."

In the instant case, our conclusion is that the transaction, though in form a stock redemption, was, in fact, a distribution of earnings substantially equivalent to a cash dividend. We find no error in the findings of fact and conclusions of law of the Board of Tax Appeals.

The decision of the Board of Tax Appeals is affirmed.