WADE v. HELVERING, Com'r of Internal Revenue.

No. 7555.

United States Court of Appeals for the District of Columbia.

Argued Nov. 8, 1940.

Decided Dec. 2, 1940.

Raymond E. Gable, of Washington, D. C., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. P. Wenchel, Robert L. Williams, and Louise Foster, all of Washington, D. C., for respondent.

Before GRONER, C. J., and MILLER and RUTLEDGE, JJ.

GRONER, C. J.

Petitioner, an unmarried man now approaching sixty years of age, went to live with his second cousin and his second counsin's wife in their home in Washington City when he was a boy of seventeen. He was received as a member of the household and was treated by them as a son until some ten years later, when the cousin disappeared. Petitioner, at that time twenty-seven, regarding the deserted wife as his foster mother, then undertook the obligation of her maintenance, she being then and now wholly without means of support. For all of the intervening thirty years petitioner has maintained the home in which both have lived. In filing his income tax return for 1936, petitioner claimed the $2500 exemption allowed to "the head of a family".[1] The Commissioner disapproved the deduction, but allowed petitioner $400 for one dependent, and accordingly assessed a deficiency. On appeal to the Board, the Commissioner's ruling was sustained, and this appeal followed.

Treasury Regulations promulgated under the 1936 Act[2] described the "head of a family" as "an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise

[1] Sec. 25(b) (1), Revenue Act of 1936, 49 Stat. 1663, 26 U.S.C.A. Int.Rev.Acts, page 835.

[2] Art. 25-4, Regulations 94.

family control and provide for these dependent individuals is based upon some moral or legal obligation. ...."

Petitioner fits into this definition, except that his cousin's wife, who is dependent upon him and whom he supports and maintains in his household, is not "closely connected" with him in any one of the three ways mentioned in the regulation. Her relationship by marriage is that of second cousin, and this the Commissioner correctly says is a distant and not a close relationship. But petitioner insists this is enough under the regulation, the argument being that the phrase "closely connected" refers to "relationship by blood", and not to "relationship by marriage, or adoption". But we think this rendering of the language of the regulation would lead to absurd results and would do violence to its obvious purpose. Furthermore, unless the phrase "closely connected" applies in turn to each of the three types of relationship, the regulation would be not only ungrammatical but unintelligible. We do not agree that a person cannot be "closely related by adoption", as petitioner suggests. It must follow, therefore, that if the regulation has the force of law, the Board's decision is correct.

■ All of the Federal Income Tax Laws since 1918 have allowed an exemption to the "head of a family",[3] and the identical regulation has been promulgated under each statute.[4] Commissioner insists, in view of this, that the failure of Congress through all the years to change the terms of the exemption is evidence of congressional approval which gives the regulation the force of law. McFeely v. Commissioner, 296 U.S. 102, 56 S.Ct. 54, 80 L.Ed. 83, 101 A.L.R. 304; Massachusetts Mutual Life I. Co. v. United States, 288 U.S. 269, 53 S.Ct. 337, 77 L.Ed. 739; Old Mission Co. v. Helvering, 293 U.S. 289, 55 S.Ct. 158, 79 L.Ed. 367. This is unquestionably correct unless the statutory language "in the case of the head of a family * * * a personal exemption of

$2,500" is itself so plain and unambiguous as to make the regulation both unnecessary and erroneous. The words—head of a family—constitute a familiar phrase appearing in the laws of many states, generally in relation to homestead or other exemptions, and was doubtless copied into the Federal tax laws in consonance with its well-understood meaning in the several states. Counsel cite a number of state court cases in which they say the given definitions of the phrase make the federal statutory exemption plainly applicable to petitioner, but an examination shows that, except in one of them, the persons claiming the exemption were supporting in their own homes a parent, child, brother, sister, grandchild, niece, nephew, or stepchild. In Race v. Oldridge, 90 Ill. 250, 32 Am.Rep. 27, a boarding house keeper had a woman friend staying with her without paying rent, and under these circumstances she was held to be the "head of a family". But the weight of authority is all the other way.[5] In Union Trust Co. v. Cox,[6] and in Whitehead v. Nickelson,[7] it was held that the support of a cousin in the household did not make one a head of a family. And in Whitfield v. People's Union Bank & Trust Co.,[8] and Mullins v. Looke,[9] the same conclusion was reached as to unrelated boys supported in the household without formal adoption. Considered in this view, we are unable to say that the Treasury Regulation in so far as it requires a close relation by blood or marriage is erroneous because inconsistent with the language of the statute.

Undoubtedly the dependent for whose support petitioner claims the allowance might properly be described as standing in loco parentis to petitioner from the time of his introduction into the family circle, and even if we assume, as we do, that this relationship continued and created a moral obligation to support his foster mother, we should still not have the close family relationship, through ties of blood, marriage, or adoption, which is necessary to constitute the head of a family.

Affirmed.

[3] See 26 U.S.C.A.Int.Rev.Code, § 25, "historical note".

[4] Art. 302, Regulations 45, 62, 65, and 69; Art. 292, Regulations 74, 77; and Art. 25-4, Regulations 86.

[5] See cases collected in 19 Words & Phrases, Perm.Ed., p. 132 et seq.; 26 Am.Jur., Homestead, Sec. 16 et seq.

[6] 55 Okl. 68, 155 P. 206, L.R.A.1917C 356.

[7] 48 Tex. 517.

[8] 168 Tenn. 24, 73 S.W.2d 690.

[9] 8 Tex.Civ.App. 138, 27 S.W. 926.