61 So.2d 810

**STATE v. FUQUA.**

**6 Div. 272.**

Supreme Court of Alabama.

Oct. 16, 1952.

Rehearing Denied Dec. 18, 1952.

Si Garrett, Atty. Gen., and H. Grady Tiller and Wm. H. Burton, Jr., Asst. Attys. Gen., for appellant.

Robt. S. Gordon and Geo. S. Brown, Birmingham, for appellee.

LAWSON, Justice.

The question in this case is whether appellee is entitled to the exemption from income tax allowed to "a head of a family" under § 388, Title 51, Code 1940, as amended. The provisions of that section pertinent to the question presented read as follows:

"The following exemptions from income tax shall be allowed to every individual resident taxpayer: * * * in the case of a single person *or a married person not living with husband or wife,* a personal exemption of fifteen hundred dollars, or, in the case of a head of a family or a married person living with husband or wife, a personal exemption of three thousand dollars, but a husband and wife living together shall receive only one personal exemption of three thousand dollars against their aggregate income, and in case they make separate returns the personal exemption of three thousand dollars

may be taken by either or divided between them; * * *." (Emphasis supplied.)

In his income tax return for 1949, appellee, hereafter referred to as taxpayer, claimed a personal exemption of $3,000 as the head of a family, consisting of his wife and minor children, from whom he was living apart under a decree of separate maintenance. The claim of exemption was disallowed by the State Department of Revenue and a final assessment was entered in the amount of $93.31. Taxpayer owed no personal income tax for the year 1949 if he was entitled to the exemption claimed. An appeal by taxpayer to the circuit court of Jefferson County, in equity, § 140, Title 51, Code 1940, resulted in a decree vacating and setting aside the final assessment entered by the State Department of Revenue. From the decree rendered by the circuit court of Jefferson County, in equity, the State of Alabama has appealed to this court.

Prior to the separation, taxpayer, his wife and two minor children occupied a residence on a dairy farm owned and operated by taxpayer and his mother. Taxpayer's mother lived in a residence situated not more than 100 feet away.

After the separation, taxpayer moved into the home of his mother. His wife and children did not change their place of residence.

The decree of separate maintenance contained the following material provisions: (1) The custody of the two minor children was awarded to taxpayer's wife, he being given the right and privilege to visit the children in their home at all reasonable times; (2) the wife and children are to be permitted, without payment of rent, to continue to occupy the residence in which they had been living; (3) taxpayer is required to pay to his wife for the support and maintenance of herself and the minor children the sum of $300 per month.

Taxpayer complied with the terms of the decree. In addition, he paid medical and hospital bills incurred on behalf of his children and made gifts to them on birthdays and at Christmas. He made repairs and improvements to the house occupied by his wife and children, and under his direction his employees kept up the yard and fired the furnace in winter.

Taxpayer saw his children five or six times a week and frequently took them to shows and to dinner. His wife consulted him in regard to all important decisions concerning the welfare of the children, such as education, religious training and need for medical care. Neither the wife nor children have any income or means of support other than that furnished by taxpayer.

Taxpayer contends a decision as to the correctness or incorrectness of the decree of the trial court turns on the question as to whether the facts summarized above are sufficient to show that he was "a head of a family" as that term is used in Sec. 388, Title 51, supra, and further contends that inasmuch as he performed his legal and moral obligation to support his wife and children, furnished and maintained the home in which they lived, and exercised parental control and supervision over his children, as was his right, the trial court correctly decreed that he was "a head of a family" within the meaning of Sec. 388, Title 51, supra, and, therefore, entitled to an exemption of $3,000, although he was not living with his wife or children.

The State argues that the evidence as it relates to the relationship which existed between taxpayer, his wife and children after he ceased to live with his wife has no bearing on the question presented. It is the State's insistence that by expressly providing for an exemption for married persons not living with husband or wife, the legislature clearly intended to deprive a husband or wife who does not live with his or her spouse of the status of the head of a family composed of the spouse from whom separated or their children.

The provisions of Sec. 388, Title 51, supra, quoted above, do place taxpayers in four groups or categories, namely, single persons, married persons who do not live with husband or wife, heads of families, and married persons who do live with husband or wife. But the mere fact that a taxpayer may fall into one category is not, in our opinion, conclusive of his status. To construe the provisions otherwise would

convict the legislature of needlessly including the exemption of $3,000 provided for "a head of a family." A married person living with husband or wife is given an exemption of $3,000; hence, as to such a person there was no reason to include the exemption for "a head of a family." If the mere fact that a married person who does not live with husband or wife is given a specified exemption can be said to show a legislative intent that such a person cannot be entitled under any circumstances to the exemption allowed "a head of a family," the same result would follow as to single persons, for they too are placed in a separate category and given the same exemption as a married person not living with husband or wife.

Nor do we think that because a married person who does not live with husband or wife is placed in a different category from a married person who does live with husband or wife shows a legislative intent that a married person who does not live with husband or wife can under no circumstances be said to be "a head of a family" composed of the spouse from whom separated and the children of the marriage. Such a construction would deprive a married person who does not live with husband or wife, but who does live with, supports and maintains the children of the marriage, of the exemption provided for "a head of a family." The construction which the State would have us place on the statutory provisions here under consideration would result in depriving a wife who has been deserted by her husband, and who lives with and supports her children, from being entitled to the exemption provided for "a head of a family." We do not think the legislature intended such a result.

The legislature, of course, did not consider that a person is entitled to the maximum exemption provided merely because he or she is married and, therefore, separated married persons into the two categories or groups; but this separation was not, in our opinion, intended to deprive a married person not living with husband or wife of the exemption allowed "a head of a family" upon proper showing of that status.

Was taxpayer "a head of a family"? Our research has disclosed no statute of Alabama nor decision of this court defining that term. At one time homestead exemptions in this state were reserved only to a debtor who was the "head of the family," but we have found no decision construing the statute then in force which sheds light on the question at hand. See Cochran v. Miller, 74 Ala. 50.

Can taxpayer be said to have been the head of a family composed of his wife and children when none of them lived with him?

The words "head of a family" constitute a familiar phrase appearing in the laws of many states, generally in relation to homestead exemptions. A number of cases from other jurisdictions have treated the question as to whether a claimant was entitled to a homestead exemption as the head of a family where those whom he supported or for whose support he was liable did not live with him on the premises claimed as a homestead. There appears to be conflict among the cases on this question. See Moorhead v. Yongue, 134 Fla. 135, 183 So. 804, 118 A.L.R. 1386; Tanton v. State Nat. Bank, 125 Tex. 16, 79 S.W.2d 833, 97 A. L.R. 1095; Dougherty v. White, 112 Neb. 675, 200 N.W. 884, 36 A.L.R. 431. The view which we take of this case renders it unnecessary for us to try to harmonize the apparent conflict in the light of the varying statutory provisions or to follow one line of cases rather than the other where conflicts do exist.

The statutory provisions here under consideration, now codified as a part of Sec. 388, Title 51, Code 1940, as amended, were first included in Sec. 13 of an act approved April 17, 1933, General and Local Acts, Extra Session 1933, pp. 150, 163. This act was to become effective upon the adoption of an amendment to the Constitution of this state authorizing an income tax. Such an amendment was proclaimed ratified on August 2, 1933. See In re Opinion of the Justices, 227 Ala. 291, 149 So. 776; State v. Weil, 232 Ala. 578, 168 So. 679.

In State v. Flenner, 236 Ala. 228, 181 So. 768, we observed that our income tax law was in many respects in substantial com-

pliance with that of the federal government. The provisions of Sec. 388, Title 51, supra, with which we are concerned here, are in substantially the same language as Sec. 25(c) of the federal income tax acts of 1928 and 1932, 26 U.S.C.A.Int.Rev.Acts, pages 361, 495, except as to the amount of exemption allowed and the inclusion in our statute of the words "a married person not living with husband or wife, a personal exemption of fifteen hundred dollars". See Federal Income and Estate Tax Laws, Barton and Browning, 8th Ed., p. 68. In the Federal Income Tax Act of 1938 those words were included and in so far as we are able to determine, remained in succeeding federal income tax laws until the Individual Income Tax Act of 1944, when the provisions as to personal exemptions were completely rewritten.

At the time our income tax law was adopted, there was in existence a federal treasury regulation which had the force and effect of law. Wade v. Helvering, 73 App.D.C. 96, 117 F.2d 21. The regulation provided:

"A head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. In the absence of continuous actual residence together, whether or not a person with dependent relatives is a head of a family within the meaning of the Internal Revenue Code must depend on the character of the separation. If a father is absent on business, or a child or other dependent is away at school or on a visit, the common home being still maintained, the additional exemption applies. If, moreover, through force of circumstances a parent is obliged to maintain his dependent children with relatives or in a boarding house while he lives elsewhere, the additional exemption may still apply. If, however, without necessity the dependent continuously

makes his home elsewhere, his benefactor is not the head of a family, irrespective of the question of support. A resident alien with children abroad is not thereby entitled to credit as the head of a family. As to the amount of the exemption, see Section 19.25-3."

In construing the provisions of Sec. 388, Title 51, quoted above, we may consider the history of the legislation, the fact that our income tax law was to a large measure taken from the federal law after the adoption and publication of the regulation. Woods Bros. Construction Co. v. Iowa Unemployment Compensation Com., 229 Iowa 1171, 296 N.W. 345; Industrial Com. v. Woodlawn Cemetery Ass'n, 232 Wis. 527, 287 N.W. 750; Equitable Life Ins. Co. of Iowa v. Iowa Employment Security Com., 231 Iowa 889, 2 N.W.2d 262, 139 A.L.R. 885. In our opinion, the regulation should be considered as a part of this statute, in view of our statute's history and the fact that the regulation was in effect at the time of the adoption of our law.

There are several Board of Tax Appeals and Tax Court decisions construing the personal exemption provisions of the federal income tax law in connection with the treasury regulation, which undoubtedly contain language which supports the contention of appellee.

Some of these decisions dealt with the federal statute before it contained the words "a married person not living with husband or wife a personal exemption of * * *," and others after those words were brought into the statute. The same result was reached. In the following decisions it was held, on facts almost identical with those in the case at bar, that the husband was entitled to the personal exemption allowed a head of a family, although not living with his wife or children. Block v. C. I. R., 37 B.T.A. 945; Kirtland v. C. I. R., 39 B.T.A. 959; Carpenter v. C. I. R., 10 T.C. 64; Charles M. Grace, 1941 B.T.A. memo.dec., par. 41,448 (Prentice-Hall); Glydewell Burdick, 1941 B.T.A. memo.dec., par. 41,195 (Prentice-Hall); Carl Conrad Jensen, 1942 B.T.A. and T.C., memo.dec., par. 42,106 (Prentice-Hall).

We do not mean to indicate that we think these decisions are in any way binding on this court, but in view of the fact that our income tax law was modeled to a large measure from the federal law at the time when the federal treasury regulation quoted above was in effect, we think these decisions should be considered in arriving at the construction to be placed on the provisions of our law now under consideration. We are in accord with the conclusions reached in those decisions and hold that the appellee, under the facts adduced at the trial below, is entitled to the exemption allowed "a head of a family" and that the trial court correctly so held.

The decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.