227 So.2d 123

**STATE of Alabama**

v.

**Joseph H. MORRIS.**

I Div. 426.

Supreme Court of Alabama.

Sept. 25, 1969.

MacDonald Gallion, Atty. Gen., Willard W. Livingston and Herbert I. Burson, Jr., Asst. Attys. Gen., for appellant.

Vincent F. Kilborn, Mobile, for appellee.

SIMPSON, Justice.

The State Department of Revenue issued a final deficiency assessment for income tax against the appellee for the calendar years 1961 and 1962, determining that the appellee owed $720.07 additional income tax for the calendar year 1961 and an additional amount for income tax of $1,005.-86 for the calendar year 1962.

The appellee properly appealed both assessments under the provisions of Title 51, § 140, Code of Alabama, to the Circuit Court of Mobile County. A trial was held in that court which resulted in a decree in favor of the taxpayer and against the State. This appeal followed.

The following facts are not disputed. J. H. Morris, Inc., a corporation, is an Alabama corporation wholly owned by Mr. Morris (appellee) and is engaged in the road construction business. The corporation advanced to Mr. Morris $11,706.16 in 1961, and $18,070.18 in 1962. These advances were made from time to time during these years by checks drawn on the corporation, payable to Morris personally. During these years Mr. Morris earned a salary paid by the corporation of $12,000.-00 for 1961 and $12,960.00 for 1962. Mr. Morris paid income tax on these amounts for those years. The amounts advanced to him in these two years were carried on the books as loans from the corporation to Mr. Morris, and according to his testimony and the testimony of his accountant, these amounts were considered by all concerned to be loans.

In 1963 the Federal Government audited Mr. Morris' returns and concluded that these advances made by the corporation to him in the years 1961 and 1962 were for purposes of Federal income tax considered "informal dividends". In his settlement with the Federal Government following this audit the taxpayer (appellee) conceded that the amounts were, for Federal income tax purposes at least, dividends and the books of the corporation were then adjusted and these two items which had formerly been recorded on the books as loans were then debited to earned surplus and credited to the account entitled "Advances to Officers" to conform to the Federal audit findings. Of course, these bookkeeping adjustments were made long after all tax returns for the years involved had been filed.

After the Federal audit was complete and after the books of the corporation had been adjusted to reflect the conclusion made by the Federal examiners that these amounts were "informal dividends", the State audited Mr. Morris' books, and the books of the corporation.

After the State Department of Revenue audited the books it concluded that the amounts advanced to Mr. Morris in 1961 and 1962 were "additional salary advance" and not dividends, it being the contention of the State that they could not be dividends because there was no formal resolution by the Board of Directors declaring a dividend as is required, contends the State,

by Regulation 403.1(b) of the Department Income Tax Regulations.

The single issue in the case then is whether or not there was evidence upon which the trial court could have concluded, which it did, that the amounts advanced by the corporation to Mr. Morris in the year 1961 and the year 1962 were loans. The testimony of Mr. Morris, and of the accountant who handled the corporate books, is to the effect that the sums were considered to be loans. Mr. Morris testified that he expected to repay these amounts. However, when the Federal Government determined in 1963 that the amounts were dividends for Federal income tax purposes, the surplus account of the corporate books was adjusted to reflect the treatment of these sums as dividends, and the amounts were no longer carried as accounts receivable on the corporate books. The State now contends that these amounts were not loans as contended by the taxpayer, but were not dividends as found by the Federal Government, because there was no formal declaration by the Board of Directors declaring a dividend, the State contending that such a formal declaration is required by a departmental regulation, although the statute itself requires no such declaration (see Title 51, § 403, Code of Alabama 1940, Recompiled 1958).

In essence then the State takes a third position and argues that the money advanced by the corporation to Mr. Morris must be treated as additional salary because there was no evidence that it was a loan. In this connection the State says in brief, "The State relies on the fact that the loan was not repaid; that there was no evidence of it being treated as a loan, and that the money was charged to surplus to negate the contention of a loan". In this the State is wrong in that there is evidence, and abundant evidence, that both the corporation and the taxpayer, Mr. Morris, treated the advances as loans until the Federal audit took place in 1963 reaching the conclusion that for Federal income tax purposes the amounts advanced were dividends. The State does not concur in the conclusion reached by the Federal auditor that the amounts advanced were dividends, because, of course, dividends of domestic corporations in Alabama are exempt from State income tax under the provisions of Title 51, § 388, as amended. The State says that the fact that the money was charged to surplus after the Federal audit negates the taxpayer's contention that the amounts initially advanced were loans. The trial court did not conclude that such a bookkeeping entry negated the taxpayer's contention that the amounts were originally considered to be loans, nor do we think the facts of this case require the conclusion that the amounts were not considered to be loans by all parties, simply because after the Federal audit they were, consistent with the position taken by the Federal Government, treated as dividends by the corporation, and this adjustment reflected on the corporate books. The State argues that the fact that the money was charged to surplus following the Federal audit vitiates the taxpayer's contention that the sums advanced were, in fact, loans. On the other hand, the State denies that the amounts can be treated as dividends, relying upon the failure of the corporate minutes to show that the Directors ever declared a dividend.

In other words, it seems to us that the State denies the claim of the taxpayer that the amounts advanced were loans. It refutes the conclusion reached by the Federal auditor that the amounts were dividends. Rather, the State places the sums advanced in a third category and contends that these amounts represented additional compensation paid to the taxpayer for services rendered the corporation during the two years involved. Of course, this is the only position which the State can take which would result in additional tax being owed to the State by the taxpayer.

We are not required to find that the amounts advanced were dividends or

**612**

were loans by the corporation to the taxpayer, but rather we must determine whether or not there was evidence from which the trial court could have concluded that the amounts were loans. In that connection there is abundant evidence to support the contention that in the years involved all parties treated these sums as loans. The fact that the Federal Government, in auditing taxpayer's returns and the corporate returns, concluded that the sums were dividends resulted in the corporation and the taxpayer treating these sums as dividends. Were we called upon to decide which they were, we, like the Federal auditor, might conclude that the sums were in fact dividends. However, we are not at liberty to do that. The sole issue before us is whether or not the conclusion reached by the trial judge is palpably erroneous under the evidence in this case. We cannot so conclude.

■ Nor do we agree with the State in its contention that the burden is upon this appellee to show that the amounts advanced by the corporation to him were dividends. We do not believe it is necessary to reach that question. It is, therefore, probably improper for us to address ourselves to that contention. However, we would note that Title 51, § 403, defines dividend as follows: "The term 'dividend' when used in this title, means any distribution made by a corporation to its shareholders whether in money or in other property, out of its earnings or profits accumulated after December 31, 1932." The State in this case contends that the moneys involved here cannot be dividends because no Board resolution was passed authorizing the distribution of such dividends. It is noted that this is not a prerequisite to a finding that corporate distributions might be dividends under the express language of the statute. However, the State bases its contention on the fact that regulations adopted by the Department of Revenue include that language. Such a formal declaration is not required under the Federal Income Tax Act. In fact, a distribution to a shareholder in his capacity as such is subject to income tax under Federal legislation even though it is not declared in a formal fashion. Thus, there was a basis for the conclusion reached by the Federal Income Tax auditor that these amounts were dividends. In fact, we have held that inasmuch as portions of Title 51, § 403 (dealing with dividends) were adopted from the Federal Income Tax Act, the construction placed upon the Federal statute is highly persuasive in interpreting the Alabama Statute. Bashinsky v. Sparks, 274 Ala. 166, 146 So.2d 303.

We have perhaps gone beyond the scope of this appeal and we believe that the well-settled rule in this State to the effect that where the issue in a case is a factual one, as it is here, and that issue is tried orally to the trial court, we are without authority to reverse the court's holding unless that holding is palpably erroneous. Singley v. Land, 244 Ala. 692, 15 So.2d 564; Hagan v. Crowley, 265 Ala. 291, 90 So.2d 760; Grubb v. Teale, 265 Ala. 257, 90 So. 2d 727; and other cases too numerous to cite here, collated at Alabama Digest, Appeal and Error, ☞1008(1).

The evidence in this case being supportive of the finding made by the trial court, it follows that that decree must be affirmed.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and BLOODWORTH, JJ., concur.