231 So.2d 118

**STATE of Alabama**

v.

**Gus J. BRYAN.**

**4 Div. 304.**

Supreme Court of Alabama.

Jan. 8, 1970.

Rehearing Denied Feb. 12, 1970.

MacDonald Gallion, Atty. Gen., Willard W. Livingston and Herbert I. Burson, Jr., Asst. Attys. Gen., for the State.

W. H. Albritton, Andalusia, for appellee.

Haltom & Patterson, Florence, amicus curiae.

COLEMAN, Justice.

The state appeals from a decree wherein the circuit court, in equity, decreed that certain deficiency income tax assessments against a taxpayer were excessive in the

entire amount thereof and should be set aside.

The state had made deficiency assessments against the taxpayer aggregating approximately $13,491.99 for calendar years 1960, 1962, and 1963, as we understand the record. The taxpayer appealed to the circuit court, in equity, pursuant to Title 51, § 140, Code 1940. From the decree of the circuit court setting aside the assessments, the state appeals to this court.

The circumstances out of which the case arises are as follows: Bryan Oil Company was incorporated as a Delaware corporation in 1954. Its principal place of business was in Alabama and more than fifty per cent of its income was earned in Alabama. In fact, the record indicates that all the income of the corporation was earned in Alabama. The corporation has reported and paid to the State of Alabama all income taxes due from the corporation to the State of Alabama.

In 1959, the properties of the corporation were sold and all the money and assets of the corporation were distributed to the stockholders. The taxpayer was one of the stockholders and is a resident taxpayer of Alabama.

The deficiency assessments are based on the distribution of corporate assets made to the taxpayer. The amount distributed to him exceeded his basis, or amount the stock cost him, by a sum in excess of $200,000.00, as we understand it.

The state contends that the amount, by which the distribution to the taxpayer exceeds his basis for his stock, is taxable income.

1. Counsel stated the issue to the trial court as follows:
"MR. ALBRITTON: * * *
"The real question in this case is whether or not the distribution of the earned surplus of $246,201.47 which represented the entire earnings or profits accumulated during the period of its corporate existence is exempt as a dividend

The taxpayer contends that the amount distributed to him on final liquidation is exempt from income tax by virtue of Title 51, § 403, Code 1940, and Title 51, § 388, Code 1940, as amended.[1]

Those portions of the statutes on which taxpayer relies; i. e., §§ 388 and 403 of Title 51, recite as next set out.

§ 388. "The following exemptions from income taxation shall be allowed to every individual resident taxpayer; * * * dividends received on stocks of domestic corporations, *including liquidating dividends paid from income of domestic corporations on which the corporation distributing such dividends has paid all income taxes due the state of Alabama in the current or prior tax years*; dividends on stocks of foreign corporations when it is shown to the satisfaction of the department of revenue that fifty percent or more of the net income from which the dividends were declared was earned from sources within the state of Alabama, and that the corporation declaring the dividends has paid all income taxes due the state of Alabama; * * *." (Emphasis Supplied)

That portion of § 388 which is emphasized above did not appear in the statute prior to 1947, and was added by Act No. 367, General Acts of 1947, pages 254, 255.

§ 403. "(a) Definition of dividend. The term 'dividend' when used in this title means any distribution made by a corporation to its shareholders whether in money or in other property, out of its earnings or profits accumulated after December 31, 1932. * * * (c) Distributions in liquidation.

within the meaning of Section 403, Title 51, Code of Alabama, and Section 388, Title 51. Now that is what we are down to, isn't it?
"MR. BURSON: Yes, sir. Now you are admitting the corporation is a foreign corporation in the sense that it was organized in Delaware?
"MR. ALBRITTON: Correct."

Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 379 of this title, but shall be recognized only to the extent provided in section 380 of this title. * * *"

We do not understand that the provisions of "section 379" or of "section 380" mentioned above have any effect on the result on this appeal.

It appears that the distribution made to the taxpayer, or, to call it by another name, the liquidating dividend paid to him, is taxable income to him, as to the amount the liquidating dividend exceeds his basis, unless the amount paid to him is made tax exempt by statute. The only statute insisted on, which purports to grant such an exemption, is § 388.

The taxpayer's argument is that the word "dividend", at every place it appears in Title 51, includes a liquidating dividend because § 403(a) provides that: "The term 'dividend' when used in this title means *any distribution* made by a corporation to its shareholders * * * out of its earnings or profits * * *." (Emphasis Supplied)

We are inclined to agree that there is force to the argument that the distribution made to taxpayer out of the corporation's earnings, which is here sought to be taxed, comes within the broad definition of "dividend" set out in § 403(a). However, § 403(a) is not the only statute here involved. Taxpayer cannot derive a tax exemption under § 403 standing alone. In order to obtain an exemption from income tax on the liquidating distribution or dividend, taxpayer must look at § 388.

■ In construing the provisions of § 388, we may consider the history of the legislation. State v. Fuqua, 258 Ala. 288, 292, 61 So.2d 810.

Until 1947, § 388 did not contain any provision with respect to "liquidating dividends" of either foreign or domestic corporations. It is stipulated that prior to the 1947 amendment of § 388, the Department of Revenue had followed the policy of taxing liquidating dividends of both domestic and foreign corporations; that, after the 1947 amendment, the Department excluded from taxation the liquidating dividends of domestic corporations but continued to tax liquidating dividends of foreign corporations; and, in 1952, the Department officially promulgated regulations exempting liquidating dividends of domestic corporations but taxing such dividends of foreign corporations. It appears that the 1952 regulations have been followed by the Department from 1952 up to the time of the assessments in the instant case in 1965.

In the interpretation of statutes, the legislative will is the all important or controlling factor, and it has been frequently stated, in effect, that the intent of the legislature constitutes the law. Champion v. McLean, 266 Ala. 103, 109, 95 So.2d 82.

■ What is the legislative intent to be found from the language and history of § 388? Prior to 1947, the Department of Revenue had followed the policy of taxing liquidating dividends of both foreign and domestic corporations. This appears to have been the administrative construction placed on the statute for at least the twelve years from 1935 to 1947. In 1947, the legislature amended the statute to exempt liquidating dividends of domestic corporations. After amendment, the plain language of § 388 states that liquidating dividends of domestic corporations shall be tax exempt, but the legislature left unchanged the provision exempting dividends of foreign corporations. Prior to amendment, the statute did not provide that liquidating dividends of either domestic or foreign corporations should be tax exempt. After the amendment, the statute provided

that a domestic corporation's liquidating dividends should be exempt, but left the provision as to a foreign corporation's dividends as it had always been. The only logical and reasonable conclusion is that the legislature intended to exempt such dividends of domestic corporations but did not intend to exempt such dividends of foreign corporations.

When a statute enumerates certain things on which it is to operate, the statute is to be construed as excluding from its effect all those things not expressly mentioned. Champion v. McLean, supra, [7].

"The maxim 'expressio unius est exclusio alterius,' though not a rule of law, is an aid to construction. It has application when, in the natural association of ideas, that which is expressed is so set over by way of contrast to that which is omitted that the contrast enforces the affirmative inference that that which is omitted must be intended to have opposite and contrary treatment. * * *" Weill v. State, 250 Ala. 328, 334, 34 So. 2d 132, 137.

As amended in 1947, § 388 clearly grants a specified exemption as to domestic corporations but omits to grant such an exemption as to foreign corporations. The taxpayer is not entitled to any exemption in the case at bar by virtue of the language of § 388.

Taxpayer contends, however, that § 403(a) requires that liquidating distribution from profits be deemed "dividends" throughout Title 51 and particularly in § 388.

If there be any conflict between § 403(a) and § 388, then § 388 must prevail under two rules of construction which appear to be based on good reasons. The first rule has been stated as follows:

"Our cases, without conflict, give emphasis to the well defined rule that ' " 'special provisions relating to specific subjects control general provisions relating to general subjects' " ' ; and ' " 'when the law descends to particulars, such more special provisions must be understood as exceptions to any general rules laid down to the contrary.' " ' (Citations Omitted)" Geter v. United States Steel Corp., 264 Ala. 94, 97, 84 So.2d 770, 773.

The definition of "dividend" stated in § 403(a) is a broad general definition. The meaning given to the word "dividend" in § 388, as amended, is a specific application of the meaning of "dividend" with respect to tax exemption. In amending § 388, the legislature went to the particular meaning of "dividend" when tax exemption is declared, and indicated that, with respect to tax exemption, the word "dividend" standing alone does not include liquidating dividends. If § 403(a) does provide that the meaning of the word "dividend" shall include liquidating dividend, the provision is general and must give way to the particular provision of § 388 with respect to tax exemption.

The second rule requiring that § 388 be given controlling effect over § 403 is the rule " * * * that the last expression of legislative will must prevail." Fidelity & Deposit Co. of Maryland v. Goodwyn, 231 Ala. 44, 48, 163 So. 341. § 388 was amended in 1947, several years after § 403 was enacted.

In the brief filed by counsel for appellee and also in the amicus curiae brief, it is earnestly argued that in Bashinsky v. Sparks, 274 Ala. 166, 146 So.2d 303, this court construed § 403(a) and:

" . . . The statutory construction of $ 403(a) by this Court in the *Bashinsky* case leads us to the inevitable conclusion that the liquidating distribution made to Appellee was a *dividend* and is exempt from taxation under § 388 to the extent such distribution is out of earnings and profits accumulated since Dec. 31, 1932 and is not a return of capital investment."

Reason appears to require that statements in opinions of courts be considered in the context of the facts and circumstances of the case in which the opinion is written. In *Bashinsky*, the distribution or payment had been made by an Alabama corporation, and whatever the court said in the opinion must be taken and considered in the light of that fact. In *Bashinsky*, no question was presented as to a foreign corporation. In the instant case, the only corporation involved is a foreign corporation. *Bashinsky* is authority with respect to domestic corporations but not as to foreign corporations and the holding in *Bashinsky* avails nothing to the taxpayer here.

The decree in the case at bar is in error in holding the payment to appellee to be exempt from tax, and the decree is reversed and the cause is remanded with directions that a decree be entered consistent with this opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and SIMPSON, BLOODWORTH and McCALL, JJ., concur.